Charles F. BOUGHTON, Claimant-Appellant,

v.

**DIVISION OF UNEMPLOYMENT INSUR-
ANCE OF the DEPARTMENT OF LABOR
and Chrysler Corporation, Employer-Appel-
lee.**

Superior Court of Delaware,
New Castle.

Nov. 21, 1972.

Julian D. Winslow, Wilmington, for claimant-appellant.

Carl Schnee, Jeffrey S. Goddess, Tybout, Redfearn & Schnee, Wilmington, for employer-appellee Chrysler Corp.

## OPINION

O'HARA, Judge.

This is an appeal by claimant-appellant, Charles F. Boughton ("claimant"), from a decision of the Unemployment Insurance Appeal Board ("Board"), affirming a determination of an unemployment compensation Referee denying claimant's entitlement to benefits under the Unemployment Compensation Act, 19 Del.C. § 3301 et seq. Since the Board, after taking additional testimony of witnesses, affirmed the Referee's determination and adopted his findings as those of the Board, the Court relies upon the Referee's determination for the findings of fact and conclusions of law in this case.

Briefly, the Referee found that claimant had been discharged from his job as a plant protection patrolman at the Newark assembly plant of Chrysler Corporation for (1) three days unexcused absence from his job in violation of a local shop rule, or (2) exceeding his authority by traveling to Chrysler's Detroit headquarters to complain of alleged falsification of company records, fire and safety violations, disciplinary problems within claimant's department and morale problems in the plant after having reported these matters to local management, or (3) both the absence and exceeding of authority. In support of his conclusion that Chrysler had just cause for discharging claimant, the Referee found that claimant's actions were "unreasonable and a clear abuse of authority". The Referee further found that claimant's absence was unexcused because he had used an improper form to give advance notice of his absence, had not received permission from his immediate superior prior to his departure, had stated that he was "Taking off, not asking off", and had "requested that paperwork be prepared upon his return, in case he were to be fired for his actions".

■ Our Unemployment Compensation Act, 19 Del.C. § 3301 et seq., is social insurance legislation intended to help absorb the shock of lost income between periods of employment and protect out-of-work individuals against financial hardship, Bigger v. Unemployment Compensation Commission, 4 Terry 274, 46 A.2d 137 (Del.Super. 1946), aff'd 4 Terry 553, 53 A.2d 761 (Del. Supr.1947), and is to be liberally construed. Harper v. Unemployment Insurance Appeal Board, 293 A.2d 813 (Del.Super.1972).

■ Claimant was denied compensation under the provisions of 19 Del.C. § 3315 which, in pertinent part, provides:

"An individual shall be disqualified from benefits—

\* \* \* \* \* \*

(2) For the period of unemployment next ensuing after an individual has been discharged from his employment for just cause in connection with his work . . . ."

"Just cause", within the meaning of the statute has been held to mean a "wilful or wanton act in violation of either the employer's interest, or of the employee's duties, or of the employee's expected standard of conduct". Abex Corporation v. Todd, 235 A.2d 271 (Del.Super.1967). "Wanton", in turn, means heedless, malicious or reckless, but does not require actual intent to cause harm, Law v. Gallegher, 9 W.W.Harr. 189, 197 A. 479 (Del. Supr.1938), while "wilful" implies actual, specific or evil intent. 45 Words and Phrases—Willful; Willfully.

■ Claimant contends that the Board did not have before it sufficient evidence to support its conclusion (implicit in its affirmance of the Referee's determination) that Chrysler had just cause for discharging claimant. For claimant to prevail, however, he must show that the Board committed an error of law, for, on appeal,

this Court is bound by the lower tribunal's findings of fact in the absence of fraud and if supported by the evidence. 19 Del.C. § 3323(a), Johnson v. Chrysler Corporation, 213 A.2d 64 (Del.Supr.1965), M. A. Hartnett, Inc. v. Coleman, 226 A.2d 910 (Del.Supr.1967).

Although not so stated in the Referee's determination, there was uncontroverted evidence in the record of the proceedings below that claimant's attendance was at least satisfactory prior to his unexcused three day absence. Neither was there any indication that claimant was ever warned or disciplined for absence, tardiness, insubordination or unsatisfactory performance of his work. If anything, claimant was over-zealous in carrying out his responsibilities, extending his attention to matters outside the usual scope of a patrolman's duties.

As noted by Judge William J. Storey in his opinion in Weaver v. Employment Security Commission, 274 A.2d 446 (Del. Super.1971), most cases concerning dismissal for poor attendance have involved prior warnings by the employer. Here, there was no evidence of any warning, formal or informal. Moreover, claimant's failure to comply to the letter with Chrysler's procedures for requesting leave do not amount to wanton, wilful, heedless or reckless violation of the employer's standards. However irregular the procedure followed by claimant in informing employer of his intended absence, he did make an attempt reasonably calculated to give actual notice to his supervisor, and such notice was, in fact, received before claimant departed work for his home.

■ A single instance of irresponsible failure to heed an employer's instructions does not rise to the level of a wilful or wanton act in violation of the employee's expected standard of conduct where it appears that the employer tolerated previous actions of similar severity without warning. Weaver v. Employment Security Commission, supra. In the instant case, the Court

emphasizes, claimant had never received a warning. This is not to say, however, that in all cases involving employee absence, insubordination or substandard performance the employer must give prior warning. Coleman v. Department of Labor, 288 A.2d 285 (Del.Super.1972). In the *Coleman* case the employee, who was sent home from work for drunkenness and returned to place of work brandishing realistic toy revolver, was held to have been discharged for just cause and not entitled to unemployment benefits.

■ The Referee further concluded that claimant had exceeded his authority by traveling to Chrysler's corporate headquarters in Detroit to report local problems to national management. As noted above, it is not readily clear from the Referee's determination whether just cause was found in the unexcused absence, the exceeding of authority, or both. Appellee has not shown that in going to Detroit claimant acted out of vengeance or for any other purpose inimical to employer's interests. On the contrary, there is uncontroverted evidence to the effect that claimant was motivated by a desire to better serve his employer's interests. Such conduct, while it may represent a judgmental error on claimant's part, does not rise to the level of wilfulness or wantonness required to support a finding of just cause for dismissal. In other words, the mere act, by an employee, of communicating directly or indirectly with management levels above his immediate or local superiors, absent malice, bad faith, or other wrongful intent, is not sufficient to establish wilful or wanton violation of an employee's duties to his employer as defined in Abex Corporation v. Todd, supra.

Cases involving exceeding of authority by employees are relatively rare. MacFarland v. Unemployment Compensation Bd. of Rev., 45 A.2d 423 (Pa.Super.1946) is most persuasive on its facts, in spite of the Pennsylvania court's doubts as to the future efficacy of the decision in the light of a later statutory amendment. In *MacFar-*

*land* an employee, entrusted with the inspection and maintenance of safety measures, performed his duties with excessive zeal which, the court said, may have amounted to officious interference in matters not within the scope of his duties. When MacFarland, contrary to his employer's direct orders, reported irregularities to government officials who found the charges baseless, he was discharged. The court found for the employee holding, "[W]ith due appreciation of the employer's problem created by such an employee, and we do not question its right to discharge, we are unable to hold that the efforts of a safety inspector to provide greater safety facilities, however far afield his zeal may carry him, constitutes such a fault which the legislature intended should deprive him of the benefits of the [unemployment compensation] act".

 For the reasons herein stated, the Court concludes that the decision of the Unemployment Insurance Appeal Board should be reversed and the case remanded for further proceedings not inconsistent with this opinion.

It is so ordered.