**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

RICHARD F. STOKES
*JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5264

Jean Ricot Bozier, *pro se*
27007 Seaford Road
Seaford, Delaware 19973

Barry M. Willoughby, Esquire
Lauren E.M. Russell, Esquire
1000 North King Street
Wilmington, Delaware 19801

RE:     *Jean Ricot Bozier v. Mountaire Farms & Unemployment Insurance Appeal Bd.*
        C.A. No. S14A-02-004 RFS

Date Submitted: July 21, 2014
Date Decided: August 7, 2014

Dear Parties:

        Before the Court is the appeal of Jean Ricot Bozier ("Bozier") of a decision rendered against him by the Unemployment Insurance Appeal Board (the "Board") cancelling his unemployment benefits due to his termination from his former employer Mountaire Farms, Inc. ("Mountaire"). For the reasons explained below, the Board's decision is **AFFIRMED**.

## FACTS & PROCEDURAL BACKGROUND

Mountaire hired Bozier on April 19, 2013 as a day-shift general laborer, and

terminated him three days later for an unexcused absence on April 22, 2013.[1]

The day Bozier was hired, April 19, 2013, he signed-off on, received copies of and attended an orientation explaining Mountaire's company policies and procedure. The Court specifically looks to Mountaire's policy and procedure regarding absences under the "No-Fault Policy" (the "Policy").[2] Pursuant to the Policy, the following absences are excused:

> Vacation - (which has been pre-approved)
> Military leave including reasonable travel time to and from assignment
> Jury duty and other legal proceedings for which a subpoena has been issued.
> Note: Legal proceedings for charges against the employee, jail time, DUI classes, meetings with attorneys, appointment with Probation Officer, custody hearings **are not** considered excused absences.
> Bereavement leave in according with Bereavement leave policy.
> Days of partial days when no work is available.
> Workers compensation with appropriate documentation.
> Approved personal (up to 30 days) or medical leaves in accordance withpolicy.
> Layoff
> Immigration reporting including reasonable travel time to and from location.
> Approved religious observances.
> Note: documentation on observances must be updated annually by the employee and approved by Human Resources.
> Absences not included in the list above are considered "**unexcused**

---

[1] The facts are reflected in the transcripts filed in the appeal. The Board adopted the Referee's findings of fact and conclusions of law that are described in the opinion.

[2] R. at 15.

**absences**" and will be counted as attendance infractions.[3]

Furthermore, the Policy states an employee will be discharged for one unexcused absence during the first 15 days of employment. The Policy also states the employee should contact the Human Resources Department in the case of tardiness or any other absence not mentioned in the list above. The phone number of the department is provided in the paperwork. In determining whether an employee's absence is unexcused, Mountaire considers if the absence complied with the excused list, whether there was notification to the employer and the frequency of the absences "rather than [the] reason for [the] occurrence."[4]

On April 22, 2013, which was Bozier's first scheduled day of work, he claims to have been stopped by the police and thus late for his shift. What occurred subsequently has been in dispute between Bozier and Mountaire. Bozier claims he called Mountaire, and personally spoke to an individual who told him to report to work after the traffic stop. He further alleges that once he arrived at Mountaire, he was turned away by security. However, Mountaire claims that Bozier never called, which is corroborated by business records including call logs from April 22, 2013. The phone number he would have called is also operated by an automatic system, so

---

[3] R. at 13.

[4] *Id*.

Bozier would not have been able to carry-out the conversation he claims to have had. In addition, Bozier did not have his paperwork with him and thus did not have access to the phone number. Moreover, Mountaire explains that Bozier would not have been turned away at the gate, but would have been directed to the Human Resources building adjacent to the security gate. As a newly hired employee, he would have been processed through the Human Resources Department to receive an ID card and equipment. Bozier was fired for violating Mountaire's Policy.

On September 29, 2013, Bozier filed a claim for benefits with the Delaware Department of Labor. His claim was denied by a Claims Deputy on October 22, 2013, pursuant to 19 *Del. C.* § 3314 (2). The denial was based on the Claims Deputy's determination that Mountaire fired Bozier for just cause. Bozier appealed the denial on October 29, 2013.

A hearing was held before an Appeals Referee on November 25, 2013. Both parties testified, and the Appeals Referee accepted Mountaire's version of the facts and found that Bozier's testimony was not credible. As a result, the Appeals Referee affirmed the Claims Deputy's decision.

On December 13, 2013, Bozier filed an appeal with the Board of the Appeals

Referee's decision.[5]  The Board scheduled a hearing for February 5, 2014, where Bozier provided additional testimony.  In adopting the Appeals Referee's factual determinations, the Board affirmed the Claims Deputy's denial in its opinion on February 12, 2014.

Bozier filed a Notice of Appeal on February 18, 2014 in this Court, seeking reversal of the Board's decision. Bozier contests the determination that he did not call and did not appear at Mountaire on April 22, 2013 and consequently violated the Policy.

## STANDARD OF REVIEW

In affirming the Appeals Referee's decision, the Board adopted the factual findings the Appeals Referee made.  This Court will review the Appeals Referee's findings of fact and conclusions of law and will be bound by those findings of fact in the absence of fraud and if supported by the evidence.[6]  It is not within this Court's province to evaluate evidence, decide credibility issues or determine factual

---

[5] Although Mountaire suggests Bozier's initial appeal to the Board was filed late, this point was not presented below and will not be entertained at this phase of the litigation.  *See Estiverne v. Unemployment Ins. Appeal Bd.*, 2014 WL 2528540, at *2 (Del. Super. May 23, 2014) ("[U]nder 19 *Del. C.* § 3220, the Board may act *sua sponte* and consider the merits of a procedurally barred appeal.").

[6] *Boughton v. Dep't. Of Labor*, 300 A.2d 25, 26 (Del. Super. 1972).

5

questions.[7] When reviewing the factual determinations of the Board, the Court is to "consider the record in the light most favorable to the party prevailing below."[8] In this case, that is Mountaire. The requisite degree of evidence is only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[9]

The test is if the evidence adequately supports the agency's factual findings and is legally correct.[10]

## DISCUSSION

### *Parties' Contentions*

Bozier argues that he was late for his first day of work due to an unforeseen police stop. Bozier contends he called Mountaire to notify them he would be late and was told to come in anyway without issue, but that once he did arrive, he was turned away.

The Board found that although Bozier's circumstances may have been unfortunate, there is no record establishing Bozier came to work nor that he called to

---

[7] *Pochavatilla v. U.S. Postal Serv.*, 1997 WL 524062, at *2 (Del. Super. June 9,1997).

[8] *Id*.

[9] *Short v. Mountaire Farms and Unemployment Ins. Appeal Bd.*, 2013 WL 5492576, at *2 (Del. Super. Sept. 25, 2013).

[10] 29 *Del.C*. § 10142

6

notify Human Resources of his tardiness. Therefore, his termination was for just cause because this conduct violates the Policy.

*Analysis*

In review of the factual dispute as to what actually occurred the morning of April 22nd, 2013, this Court relies on the factual determinations of the Board. Based upon the record, the Court finds substantial evidence that supports the Appeals Referee's findings of fact adopted by the Board that were adverse to Bozier. The Policy and business records were admitted into evidence. Bozier knew a one day absence would result in termination in the first 15 days of employment. His explanations could rationally be rejected. He did not have the paperwork and therefore did not have the Human Resources number. The call would have been processed through an automated system, rather than a personal connection. The absence of a call is reflected by Mountaire's standard records including logs and internal documents. The policy of Mountaire is to process all newly-hired employees and to direct them to Human Resources even if late on the first day of a job. Reasonable reliance can be made on the business records and policies and Bozier's admitting that he did not have the phone number with him.

With this evidential support, Bozier's termination was for just cause and he

is therefore disqualified from the receipt of unemployment benefits. Title 19, Section 3314 of the Delaware Code states in pertinent part:

> "[a]n employee is ineligible to receive unemployment benefits if he or she has been terminated for just cause. The term 'just cause' denotes a wilful or wanton act in violation of either the employer's interest, or the employee's expected standard of conduct. Willful or wanton conduct is 'that which is evidenced by either conscious action, or reckless indifference leading to a deviation from established and acceptable workplace performance.' In a termination case, the employer has the burden of proving just cause."[11]

Additionally, although Bozier never explicitly states he did not intentionally violate the Policy, the Court infers this is what he seeks to express. From his perspective, Bozier argues that although he was indeed late for his shift, this conduct was unintentional because he was pulled over by the police. In his statement to the Delaware Department of Labor, Bozier claimed "I could not help it, the police stopped me."[12] Mountaire offers no argument to counter that Bozier acted intentionally or recklessly. However, Mountaire does argue to the Court that pursuant to the Policy, one unexcused absence within the 15-day period will result in termination. The Policy does not mention intent, but is instead "based on occurrences and is a 'no fault' policy based on frequency rather than reason for

---

[11] 19 *Del. C.* § 3314 (II)(b).

[12] R. at 2.

8

occurrence."[13]  The Court therefore finds that under the Policy, Bozier's intent is irrelevant in finding he violated the Policy.

The  Court finds that Bozier's absence was unexcused under the Policy. The Policy explicitly states that a missed day of work within the first 15 days of employment is treated with termination.  Bozier's absence does not fit within the list of excused absences, and although Bozier argues the circumstances were out of his control, the Board found he did not report for his first day of work.  The Court is not free to second-guess assessments of credibility.

In any event, the Policy is based on the occurrence alone and not the reason for it.[14]  Moreover, Mountaire's records make it clear Bozier never called human resources as required by the Policy.  The Policy makes it explicit that "employees are responsible for their attendance record and ensuring that they notify the proper Department each day of an absence."[15]  The Policy regarding unexcused absences and notification is unequivocal and Bozier failed to comply with the Policy.

---

[13] R. at 13.

[14] R. at 13.

[15] R. at 16.

Under Delaware law, "violation of a reasonable company rule may constitute just cause for discharge if the employee is aware of the policy and the possible subsequent termination."[16] The employee's "knowledge of a company policy may be established by evidence of a written policy, such as an employer's handbook or by previous warning of objectionable conduct."[17] Bozier had copies of, signed-off on and attended an orientation explaining the Policy. Bozier does not contend that he was uninformed of such a Policy and as such, the Court finds that Bozier was aware of the Policy. Further, although neither party speaks to the reasonableness of the Policy, the Court finds it was reasonable.

## CONCLUSION

Base on the aforementioned, the Board's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

Very truly yours,

*/s/ Richard F. Stokes*

Richard F. Stokes

Cc: **Prothonotary**

**Judicial Case manager**

**Catherine C. Damavandi, Esq.**

---

[16] *Wisley*, 2014 WL 2528540, at *2.

[17] *Id.* (citations omitted).

10

Delaware Department of Justice

820 North French Street, 6th Floor

Wilmington, DE 19801