# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **SHEILA D. PRESSLEY,** | ) | |
| | ) | |
| **Appellant,** | ) | |
| | ) | |
| v. | ) | **C.A. No. N15A-10-002 PRW** |
| | ) | |
| **UNEMPLOYMENT INSURANCE** | ) | |
| **APPEAL BOARD,** | ) | |
| **Appellee.** | ) | |

Submitted: July 18, 2016
Decided: August 3, 2016

## <u>ORDER</u>

*Upon Appeal from the Unemployment Insurance Appeal Board,*
**AFFIRMED.**

This 3rd day of August, 2016, upon the parties' briefs and submissions and the record below, it appears to the Court that:

(1)     Sheila D. Pressley appeals the denial of her claim for unemployment benefits by the Unemployment Insurance Appeal Board ("UIAB"). She challenges her ineligibility for one week of unemployment benefits.

(2)     This Court's review of the UIAB's decision in this case is governed by statute: "The findings of the Unemployment Insurance Appeal Board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and

the jurisdiction of the Court shall be confined to questions of law."[1] If, as here, no error of law is alleged, the Court is limited to determining whether there was substantial evidence to support the UIAB's findings.[2] And if there is no mistake of law and there is substantial evidence to support the decision, the UIAB's decision will be affirmed.[3] "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[4] The Court does not "'weigh evidence, determine credibility, or make its own factual findings,' it merely determines if the evidence is legally sufficient to support the agency's factual findings."[5]

---

[1] DEL. CODE ANN. tit 19, § 3323(a) (2015). Section 3320 of Title 19 grants the UIAB wide discretion over the unemployment insurance benefits appeal process. *Id.* at § 3320(a). The scope of review for a court considering an UIAB action in the administration of that appeal process is whether the UIAB abused its discretion. *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991). Reversal based on an abuse of discretion occurs only if, during the appeal process, "the Board 'acts arbitrarily or capriciously' or 'exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice.'" *Straley v. Advanced Staffing, Inc.*, 2009 WL 1228572, at *2 (Del. Super. Ct. Apr. 30, 2009) (citations omitted). Ms. Pressley makes no such abuse-of-discretion claim here.

[2] *Unemployment Ins. Appeal Bd. v. Duncan*, 337 A.2d 308, 309 (Del. 1975).

[3] *Longobardi v. Unemployment Ins. Appeal Bd.*, 287 A.2d 690, 693 (Del. Super. Ct. 1971), *aff'd*, 293 A.2d 295 (Del. 1972); *Boughton v. Div. of Unemployment Ins. of Dep't of Labor*, 300 A.2d 25, 26-27 (Del. Super. Ct. 1972).

[4] *Histed v. E.I. duPont de Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993) (citing *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)).

[5] *Kearney v. New Roads*, 2003 WL 1563722, at *1 (Del. Super. Ct. Mar. 25, 2003) (quoting *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965)).

-2-

(3)     Last year Ms. Pressley was receiving unemployment benefits.  On July 27, 2015, a Claims Deputy with the Division of Unemployment Insurance found her to be ineligible for one-week's benefits[6] because she had failed to attend a mandatory information session with the Re-employment Services ("RES") Program[7] scheduled for July 15, 2015.[8]  Accordingly, the Claims Deputy found Ms. Pressley ineligible to receive benefits for the week ending July 18, 2015 and mailed her an appropriate notice of determination.[9]  Ms. Pressley did not and never has disputed her failure to attend the RES session.  Instead, she claims she misread the letter scheduling the information session, had attended a job fair seeking work, and should be allowed to attend a make-up RES session without penalty.[10]

(4)     On August 13, 2015, a UIAB Appeals Referee conducted a hearing regarding Ms. Pressley's ineligibility for the one week of unemployment benefits.

---

[6]     Div. of Unemployment Ins. Notice of Determination (July 27, 2015), claim 20998969.

[7]     *See* DEL. CODE ANN. tit 19, § 3315(4) (2015) ("An unemployed individual shall be eligible to receive benefits with respect to any week *only* if the Department finds that the individual . . . [p]articipates in reemployment services, such as job search assistance services, if the individual has been determined to be likely to exhaust regular benefits and need reemployment services pursuant to a profiling system established by the Department, unless the Department determines that . . . [t]he individual has completed such services; or . . . [t]here is justifiable cause for the claimant's failure to participate in such services.") (emphasis added).

[8]     Ltr. from Div. of Emp. and Training to Ms. Pressley (June 29, 2015).

[9]     Div. of Unemployment Ins. Notice of Determination (July 27, 2015), claim 20998969.

[10]    *See* Div. of Unemployment Ins. Appeal Request Notification (July 30, 2015), claim 20998969; Div. of Unemployment Ins. Appeals – Referee Hr'g Record at 6, 11-12 (Aug. 13, 2015).

The next day, the Appeals Referee issued a decision affirming the Claims Deputy's finding.[11]

(5) Ms. Pressley timely appealed the Appeals Referee's decision to the UIAB, stating only that she disagreed with Referee's decision.[12] The UIAB denied the application for further review and affirmed the Appeals Referee's decision because no new factual or legal issue was presented.[13]

(6) Ms. Pressley then filed an appeal with this Court. Her opening brief consists of a letter in which she claims she: (a) misread the Division of Employment and Training's letter scheduling her RES session; (b) had since attended a RES session; (c) had a long work history and had long paid into the unemployment insurance system; and (d) would suffer financial hardship if she were to lose the week's benefits.[14] The UIAB advised the Court that it would not file an answering brief because "[t]his underlying case was decided on the merits,

---

[11] Div. of Unemployment Ins. Appeals – Referee Decision at 3 (Aug. 14, 2015) ("The determination of the Claims Deputy is **AFFIRMED**. Claimant was unable to meet the statutory requirements of attendance at an RES session for which she was duly notified. Claimant is therefore DISQUALIFIED from the receipt of benefits for the week ending July 18, 2015.") (emphases in original).

[12] Div. of Unemployment Ins. Appeal Request Notification (Aug. 21, 2015), claim 20998969.

[13] Unemployment Ins. Appeal Bd. – Board Decision at 2 (Sept. 28, 2015).

[14] App. Opening Br. at 1.

and the Appellant raises only challenges to the Board's decision on the merits."[15]

(7)    This Court's role in reviewing UIAB decisions on the merits is limited to determining whether the UIAB's conclusions are supported by substantial evidence and free from legal error.[16] The Court finds that substantial evidence supported the UIAB's decision. The record evidence demonstrates that Ms. Pressley failed to attend the required RES session which would have maintained her eligibility to receive unemployment benefits for the week at issue. And there is no legal error in a denial of a week's benefits on that basis.[17] Ms. Pressley cites no case law nor points to anything in the record favoring reversal.

**NOW THEREFORE, IT IS ORDERED** that the Unemployment Insurance Appeal Board's judgment denying Pressley's claim for one week's unemployment benefits is **AFFIRMED.**

**SO ORDERED this 3ʳᵈ day of August, 2016.**

**PAUL R. WALLACE, JUDGE**

cc:    Sheila D. Pressley, *pro se*
       Paige J. Schmittinger, Deputy Attorney General

---

[15]    Ltr. from Paige J. Schmittinger, Deputy Att'y Gen. to the Court (Apr. 22, 2016).

[16]    *Nardi v. Lewis,* 2000 WL 303147, at *2 (Del. Super. Ct. Jan. 26, 2000).

[17]    *See, e.g., Volk v. Unemployment Ins. Appeal Bd.,* 2016 WL 241379 (Del. Super. Ct. Jan. 13, 2016) (affirming ineligibility decision for one week of unemployment benefits when appellant failed to attend a mandatory Reemployment and Eligibility Assessment ("REA") workshop).

-5-