# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DOUGLAS S. DREWS,      )
                                    )
           Appellant,      )
                                    )
       v.                    )        C.A. N16A-05-013 AML
                                    )
DIVISION OF UNEMPLOYMENT    )
INSURANCE & UNEMPLOYMENT )
INSURANCE APPEAL BOARD,     )
                                    )
           Appellees.      )

Submitted: January 12, 2017
Decided: April 19, 2017

## ORDER

**On appeal from the Unemployment Insurance
Appeal Board: REVERSED AND REMANDED**

1. This is one of two appeals Douglas S. Drews has taken from two separate Unemployment Insurance Appeal Board (the "Board") decisions after remand. The Board found that the claimant received a non-fraudulent overpayment of unemployment benefits. The claimant argues the Division of Unemployment Insurance (the "Division") miscalculated the amount of benefits he was overpaid. The question before me is whether the Board's decision is supported by substantial evidence and free from legal error. For the reasons that follow, and with profound reluctance in view of the very small amount in dispute, I

conclude the Board's decision must be remanded for a second time so the Board may specify how the overpayment was calculated.

2.     On December 18, 2013, a claims deputy determined Drews received a "non-fraudulent overpayment" in the amount of $296.00 for a two-week period.[1] Drews timely appealed that decision on December 26, 2013.[2] On January 21, 2014, an appeals referee held a hearing.[3]

3.     On March 14, 2014, the appeals referee issued a decision, affirming the claims deputy's determination that Drews was overpaid by $296.00.[4] Although Drews contended he was overpaid $116.25 a week based on his self-created hourly rate, the referee determined Drews was overpaid $148.00 a week for a total of $296.00.[5] Drews timely appealed the referee's decision to the Board on March 24, 2014.[6]

4.     The Board held a hearing on March 26, 2014.[7] On May 15, 2015, the Board affirmed the appeals referee's decision, finding Drews liable for the $296.00 overpayment.[8] Drews timely appealed the Board's decision to this Court.[9]

---

[1] R. at 1.
[2] *Id.* at 3.
[3] *Id.* at 8.
[4] *Id.* at 23-25.
[5] *Id.* at 25.
[6] *Id.* at 33.
[7] *Id.* at 42.
[8] *Id.*
[9] *Id.* at 48.

5. On August 13, 2015, another judge of this Court affirmed the Board's decision that Drews is liable to repay the overpayment of unemployment benefits that he received, but reversed and remanded the case back to the Board to specify how the $296.00 overpayment was calculated.[10] The Court explained:

> The Division calculated an overpayment of $148 per week (totaling $296) and that amount was affirmed by the Appeals Referee and adopted by the Board. Upon review, the Division now acknowledges that the overpayment calculation of $148 per week (totaling $296) is mathematically incorrect. The Division admits that Appellant's weekly wages ($321.43) minus the amount of his permissible weekly earnings ($165) equals $156 which is $8 more than the weekly figure ($148) calculated by the Appeals Referee and adopted by the Board. The Division maintains that it "mistyped the figures into their internal computer system that calculates overpayment amounts as $312 instead of $321" and the "transposition of figures resulted in the Division seeking an overpayment of only $148 per week for two weeks, instead of the $156 per week . . . that is actually owed." Such information does not appear to have been presented to the Appeals Referee or to the Board and, as a result, is not included in the record below.[11]

The Court further reasoned that it was unclear whether the appeals referee applied 19 *Del. C.* § 3313(m) to the facts of the case.[12] The Court concluded that because the appeals referee's decision did not specify how the $296.00 overpayment was calculated, the Court was unable to determine whether the appeals referee's

---

[10] *Id.* at 67.
[11] *Id.* at 66-67.
[12] *Id.* at 67.

3

decision, adopted by the Board, was supported by substantial evidence and free from legal error.[13]

6.　　On remand, the Board held a meeting on March 23, 2016, wherein the Board decided to remand the issue of recalculating the overpayment amount to an appeals referee.[14] The appeals referee held a hearing on April 11, 2016 and issued a decision on April 13, 2016.[15] The appeals referee concluded Drews "failed to report any earnings for either the week ending November 2, 2013 or the week ending November 9, 2013. . . . The amount due and owing was revised to correct a rounding error, per 19 *Del. C.* § 3313(m), to $294.00 for the two weeks in question or $147.00 for each of the two weeks."[16] The appeals referee neither explained how she determined $147.00 was the weekly overpayment, nor addressed the Division's conceded error to this Court during the first appeal.

7.　　On April 15, 2016, Drews appealed the appeals referee's decision to the Board, arguing he owes no more than $170.00.[17] The Board held a hearing on April 20, 2016.[18] On May 20, 2016, the Board adopted the referee's decision, concluding it was "satisfied that the Referee calculated the overpayment in

---

[13] *Id.*
[14] *Id.* at 112.
[15] *Id.* at 86-88.
[16] *Id.* at 87.
[17] *Id.* at 110.
[18] *Id.* at 112.

4

compliance with 19 *Del. C.* § 3313(m) and finds no error in the determination reached by the Appeals Referee."[19]

8.    On June 9, 2016, Drews again timely appealed the Board's decision to this Court.[20] Although Drews admits he received an overpayment, he continues to dispute the amount of that overpayment.[21] The Division maintains the only issue on remand is whether the record supports the calculation of the overpayment amount. The Division contends the Board's decision adopting the appeals referee's determination "made it clear that the overpayment in this case was calculated in accordance with 19 *Del. C.* § 3313(m)," and therefore the decision should be affirmed.[22]

9.    As in Drew's other appeal,[23] a rational being must wonder how the State's interests are advanced by the Division's dogged pursuit of $124.00, which is the total amount in dispute. This Court, however, is duty-bound to decide the cases before it. Review of the Board's decision on appeal is limited to whether the Board's findings were supported by substantial evidence and whether the decision

---

[19] *Id.*
[20] *Id.* at 78. After a conflict arose for the judge who heard Drews' first appeal, this appeal was re-assigned. D.I. 10.
[21] R. at 79.
[22] Division's Answering Br. 3. The Board did not file an answering brief, asserting that the "underlying case was decided on the merits" and "the Appellant raises only challenges to the Board's decision on the merits." D.I. 9.
[23] *See* C.A. No. N16A-03-001 AML.

5

is free from legal error.[24] Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."[25] Where the Board adopts an appeals referee's factual findings as its own, the Court will review the appeals referee's factual findings and conclusions of law.[26] The Court will not weigh evidence, determine questions of credibility, or make its own factual findings and conclusions.[27] The Board's decision must be reversed and remanded for further proceedings where there were no adequate findings of fact and conclusions of law to support the decision.[28]

10. This appeal is limited to calculating the overpayment amount. I therefore only may consider whether the Board's and appeals referee's calculation of overpayment benefits is supported by substantial evidence and free from legal error.

11. On remand, neither the appeals referee's decision nor the Board's decision specifies how the $294.00 amount was calculated. The April 13, 2016 appeals referee's determination merely states: "Due to those amounts in earnings for those two weeks, the Department determined Claimant was overpaid benefits

---

[24] See Thompson v. Christiana Care Health Sys., 25 A.3d 778, 781-82 (Del. 2011); Deysher v. Unemployment Ins. Appeal Bd., 2011 WL 7063475, at *1 (Del. Super. Sept. 28, 2011) (citing Olney v. Cooch, 425 A.2d 610, 614 (Del. 1981)) (defining substantial evidence as "evidence from which the Board could fairly and reasonably reach its conclusion").
[25] Murphy & Landon, P.A. v. Pernic, 121 A.3d 1215, 1221 (Del. 2015).
[26] Bey v. Murphy Marine Servs., Inc., 2002 WL 1288731, at *3 (Del. Super. June 3, 2002) (citing Boughton v. Dept. of Labor, 300 A.2d 25, 26 (Del. Super. 1972)).
[27] Thompson, 25 A.3d at 782.
[28] Bd. of Educ. v. Johns, 2002 WL 471175, at *2 (Del. Super. Mar. 27, 2002).

6

for those two weeks. The amount due and owing was revised to correct a rounding error, per 19 *Del. C.* § 3313(m), to $294.00 for the two weeks in question or $147.00 for each of the two weeks."[29] The Board's decision, similarly lacking any explanation as to how the amount was calculated, states: "This resulted in an overpayment for those two weeks. The original amount of the overpayment was calculated at $296 for two weeks. The amount was revised to correct a rounding error, per 19 *Del. C.* § 3313(m), to $294 for the two weeks in question."[30]

12. The Division failed to specify how the overpayment was calculated, as so ordered in the Court's August 13, 2015 decision. This particularly is troubling given that the Division acknowledged to the Court that the original overpayment calculation was "mathematically incorrect" (rounding error aside), and the Court specifically remanded to allow the Board to explain how the calculation was made. The Court therefore is unable to determine whether the appeals referee's decision or the Board's decision is supported by substantial evidence and free from legal error based on the present record.

For the foregoing reasons, the Unemployment Insurance Appeal Board's May 20, 2016 decision is **REVERSED** and **REMANDED** to the Board for further proceedings consistent with this Decision. Perhaps, however, the Division may

---

[29] R. at 87.
[30] *Id.* at 112.

7

wish to consider whether expending additional resources on this matter is consistent with its mandate.

      **IT IS SO ORDERED.**

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Paige J. Schmittinger, Deputy Attorney General
       Victoria W. Counihan, Deputy Attorney General
       Mr. Douglas S. Drews, *pro se* (via First Class Mail)