SUPERIOR COURT
OF THE
STATE OF DELAWARE

E. SCOTT BRADLEY
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5256

May 1, 2019

Tasha M. Stevens, Esquire
Fuqua, Willard, Stevens & Schab, P.A.
26 The Circle
P.O. Box 250
Georgetown, DE 19947

Elizabeth A. Imbragulio
35 Crossgate Drive
Seaford, DE 19973

Re:  *Civic Health Services, LLC v. Elizabeth A. Imbragulio and
Unemployment Insurance Appeal Board*
Civil Action No. S19A-01-001 ESB

Dear Ms. Imbragulio and Counsel:

This is my decision on the appeal by Civic Health Services, LLC ("CHS") of

the Unemployment Insurance Appeal Board's (the "UIAB" or the "Board") decision

that CHS did not have just cause to terminate Elizabeth A. Imbragulio without notice

even though she was soliciting CHS's customers for another pharmacy where her son

worked.  CHS operates the Seaford Pharmacy in Seaford, Delaware.  Imbragulio

delivered drugs for CHS to its customers.  CHS terminated Imbragulio because she

was encouraging CHS's customers to use a pharmacy where her son worked.  The

Board found that CHS had no policy prohibiting such conduct and that it terminated

Imbragulio without first warning her against such conduct.  Given this, the Board

concluded that Imbragulio was terminated without just cause, reasoning that Imbragulio's conduct was not sufficiently serious to justify her termination. After review of the Board's decision, I have concluded that the Board erred as a matter of law.

## STANDARD OF REVIEW

The Supreme Court and this Court repeatedly have emphasized the limited appellate review of the factual findings of an administrative agency. On appeal from a decision of the UIAB, this Court is limited to a determination of whether there is substantial evidence on the record sufficient to support the Board's findings, and that such findings are free from legal error.[1] Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[2] The Board's findings are conclusive and will be affirmed if supported by "competent evidence having probative value."[3] The appellate court does not weigh the evidence,

---

[1] *Unemployment Ins. Appeal Bd. v. Duncan*, 337 A.2d 308, 309 (Del. 1975); *Longobardi v. Unemployment Ins. Appeal Board*, 287 A.2d 690, 692 (Del. Super. 1971), *aff'd.* 293 A.2d 295 (Del. 1972).

[2] *Oceanport Ind. v. Wilmington Stevedores*, 636 A.2d 892, 899 (Del. 1994); *Battista v. Chrysler Corp.*, 517 A.2d 295, 297 (Del. Super. 1986), *app. dism.*, 515 A.2d 397 (Del. 1986).

[3] *Geegan v. Unemployment Compensation Commission*, 76 A.2d 116, 117 (Del. 1950).

determine questions of credibility, or make its own factual findings.[4]  It merely determines if the evidence is legally adequate to support the agency's factual findings.[5]  Absent an error of law, the Board's decision will not be disturbed where there is substantial evidence to support its conclusions.[6]

## DISCUSSION

19 *Del. C.* §3314 provides, in pertinent part, that "[a]n individual shall be disqualified for benefits ..." who is discharged for "just cause."  "Just cause" is defined as a "wilful or wanton act" in violation of either the employer's interests, the employee's duties or the expected standard of conduct.[7]  "Wanton" conduct is that which is heedless, malicious, reckless, but not done with actual intent to cause harm.  "Wilful" conduct, on the other hand implies actual, specific, or evil intent.[8]  Wilful or wanton conduct constitutes grounds for immediate dismissal without notice if it

---

[4] *Volk v. Unemployment Ins. Appeal Board*, 2016 WL 241379, at *1 (Del. Super. Jan. 13, 2016).

[5] 29 *Del. C.* §10142(d).

[6] *Dellachiesa v. General Motors Corp.*, 140 A.2d 137 (Del. Super. 1958).

[7] *Avon Products, Inc. v. Wilson*, 513 A.2d 1315, 1317 (Del. 1986); *Boughton v. Dep't. of Labor*, 300 A.2d 25, 26 (Del. Super. 1972) (quoting *Abex Corp. v. Todd*, 235 A.2d 271 (Del. Super. 1967).

[8] *Farmer v. E.I. Du Pont De Nemours & Company*, WL 711138, at *3 (Del. Super. Nov. 9, 1994) (*citing Boughton*, 300 A.2d 25, 27 (Del. Super. 1972).

is sufficiently serious.[9]

In the current matter, the Board found that Imbragulio's solicitation and encouragement of CHS's customers to switch to another pharmacy where her son worked was not a sufficiently serious infraction so as to justify her termination without prior warning. In reaching this decision, the Board distinguished the facts before it from those present in *Krieg v. Unemployment Ins. Appeal Bd.*[10] In *Krieg*, an electrician was fired without prior warning after his employer learned that he was soliciting customers through an ad placed in the yellow pages for his personal electrical contracting business. In affirming the Board's finding that the termination was made for just cause, the *Krieg* court held that an employee's "solicitation of the business of his employer can be viewed as nothing less than a willful act and violation of the employer's interest and expected standard of conduct."[11]

Here, the Board found that Imbragulio's solicitation was not equivalent to the "hostile and directly-competitive acts" present in *Krieg* because there was evidence

---

[9] See *Unemployment Ins. Appeal Bd. v. Martin*, 431 A.2d 1265, 1267 (Del. 1981) (reversing a Superior Court ruling and finding that a claimant's single act of leaving work early without permission was wilful because it was done voluntarily, deliberately, and intentionally); *Shaw v. Happy Harry Inc.*, 1993 WL 489499, at *2 (Del. Super. Oct. 27, 1993).

[10] 1984 LEXIS 670 (Del. Super. Feb. 8, 1984).

[11] *Id.* at *2.

4

that CHS tolerated "other employees working for other pharmacies." I take issue with the idea that CHS allowing employees to work at a competing pharmacy somehow automatically implies that it is acceptable to directly solicit for the competing pharmacy to CHS's customers.

I conclude that the Board misapplied the applicable law in reaching its decision. Imbragulio's conduct was certainly against CHS's interests. Customers are the lifeblood of a business. A business cannot exist without them. Imbragulio's solicitation of CHS's customers for a pharmacy where her son worked was both an act of disloyalty and threatening to the very existence of CHS's business. As such, it was certainly serious. Indeed, Imbragulio's actions were clearly more directly hostile to her employer than those of the electrician in *Krieg*. The electrician engaged in general solicitation of his employer's *potential* clientele while Imbragulio effectively attempted to steal away CHS's *current* customers. A business has every right to expect that its employees will not sabotage its interests. Therefore, I conclude that, as a matter of law, Imbragulio's conduct justified her immediate termination without notice.

## CONCLUSION

The Unemployment Insurance Appeal Board's Decision is reversed.

Very truly yours,

E. Scott Bradley

ESB:jwc

cc:    Prothonotary's Office
Delaware Unemployment
  Insurance Appeal Board
Daniel C. Mulveny, Esquire

FILED PROTHONOTARY
SUSSEX COUNTY
2019 APR 31 A 10 46

6