# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| **MARIE A. MONDESTIN,** | : C.A. No. S19A-07-004 |
| | : |
| Appellant, | : |
| | : |
| v. | : |
| | : |
| **PERDUE FOODS, LLC** | : |
| | : |
| and | : |
| | : |
| **UNEMPLOYMENT INSURANCE** | : |
| **APPEAL BOARD,** | : |
| | : |
| Appellees. | : |

Submitted: October 16, 2019
Decided: October 28, 2019

*On Appeal from the Unemployment Insurance Appeal Board*

**AFFIRMED**

**MEMORANDUM DECISION AND ORDER**

Marie A. Mondestin, *pro se*, 7753 Gaye Drive, Seaford, DE, 18873, Appellant.

Aleeshia Belle, Human Resources, Perdue Foods, LLC, P.O. Box 283, Saint Louis, MO, 63166, Appellee.

Daniel C. Mulveny, Esquire and Victoria W. Counihan, Esquire, Delaware Department of Justice, 820 North French Street, Wilmington, DE, 18901, Attorneys for Appellee, Unemployment Insurance Appeal Board.

**KARSNITZ, J.**

## I.  INTRODUCTION

Marie A. Mondestin ("Appellant") appeals the decision of the Unemployment Insurance Appeal Board (the "Board") that found she had been discharged from her place of employment for just cause in connection with that employment and was therefore disqualified from receiving unemployment insurance benefits. The Board's decision is affirmed for the reasons stated below.

## II.  PROCEDURAL HISTORY

Appellant was employed by Perdue Foods, LLC ("Employer") as a General Laborer in the Ground Chicken Department from November 1, 2016 until she was terminated on February 27, 2019. A Claims Deputy in the Delaware Department of Labor, Division of Unemployment Insurance, reviewed Appellant's application for unemployment benefits and determined that she had been terminated for just cause and was not qualified for unemployment insurance benefits. Appellant appealed that determination and a hearing was held before an Appeals Referee on April 23, 2019. The Appeals Referee reversed[1] the Claims Deputy's determination, deciding that Appellant

---

[1] There is an apparent error in the Appeals Referee's Decision, which states that the decision of the Claims Deputy is affirmed. This cannot be accurate given the stated decision of the Appeals Referee.

was discharged without just cause and was qualified for unemployment insurance benefits. Employer then appealed to the Board, which held a hearing on June 12, 2019. Counsel for the Board and a representative of Employer were present; Appellant was not present. By way of written decision mailed July 16, 2019, the Board reversed the Appeals Referee's decision, finding Employer had terminated Ms. Smith's employment for just cause and concluding that Appellant was not entitled to unemployment benefits. Appellant now appeals to this Court.

## III. STANDARD OF REVIEW

When reviewing the decisions of the Board, I must determine whether the Board's findings and conclusions of law are free from legal error and are supported by substantial evidence in the record.[2] "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[3] My review is limited: "It is not the appellate court's role to weigh the evidence, determine credibility questions or make its own factual findings, but merely to decide if the evidence is

---

[2] *Unemployment Insurance Appeal Board v. Martin,* 431 A.2d 1265 (Del. 1981); *Pochvati!la v. U.S. Postal Serv.,* 1997 WL 524062 (Del. Super.); 19 *Del.* C. § 3323(a) ("In any judicial proceeding under this section, the findings of the [Board] as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the Court shall be confined to questions of law.").
[3] *Gorrell v. Division of Vocational Rehab.,* 1996 WL 453356, at *2 (Del. Super.).

legally adequate to support the agency's factual findings."[4]

## IV. APPLICABLE LAW

### Just Cause

Section 3314 of Title 19 of the Delaware Code provides, in pertinent part, that one shall be disqualified for unemployment benefits if she has been "discharged from [her] work for just cause in connection with [her] work.[5] "Generally, the term 'just cause' refers to a willful or wanton act in violation of either the employer's interest, or of the employee's duties, or of the employee's expected standard of conduct."[6] "Wanton" connotes a "heedless, malicious or reckless act, but does not require actual intent to cause harm."[7] In contrast, "willful" "implies actual, specific or evil intent."[8] "Willful and wanton conduct is that which is evidenced by either conscious action or reckless indifference leading to a deviation from established and acceptable workplace performance; it is unnecessary that it be founded in bad motive or malice."[9]

Violation of a reasonable company policy may constitute just cause for

---

[4] *McManus v. Christiana Serv. Co.*, 1197 WL 127953, at *1 (Del. Super.).

[5] 19 *Del. C* § 3314(2).

[6] *Abex Corp. v. Todd*, 235 A.2d 271, 272 (Del. Super. 1967).

[7] *Boughton v. Division of Unemployment Insurance of Department of Labor*, 300 A.2d 25, 26 (Del. Super. Nov.21, 1972) (citing *Law v. Gallagher*, 9 W.W. Harr. 189, 197 A.2d 479 (Del. 1938)).

[8] *Boughton*, 300 A.2d at 26.

[9] *MRPC Financial Management LLC v. Carter*, 2003 WL 21517977, at *4 (Del. Super. Feb. 7, 1996).

termination, provided the employee is aware of the policy and the fact that termination may result for the violation thereof.[10] Knowledge of a company policy may be established by evidence of a written policy, *i.e.,* an employer's handbook.[11]

## Burden of Proof

Employer has the burden of proving that Appellant was terminated for "just cause" by a preponderance of the evidence.[12] A "'preponderance of the evidence' has been defined to mean the side on which 'the greater weight of evidence is found.'"[13]

## V. FACTS

The key fact in dispute in this matter is whether Appellant threw a valuable piece of Employer's property on the floor against company policy, or whether the object fell on the floor by accident as Appellant was cleaning her workspace. The Appeals Referee reversed the Claims Deputy's finding on this fact because there was no first hand testimony at the Appeal Referee's hearing on this fact – only hearsay. The Appeal Referee correctly stated that she could

---

[10] *Burgos v. Perdue Farms, Inc.,* 2011 WL 1487076, at \*2 (Del. Super.).
[11] *Id.*
[12] *Wilson v. Unemployment Insurance Appeal Board,* 2011 WL 3243366, at \*2 (Del. Super. July 27, 2011) (citations omitted); *McCoy v. Occidental Chem. Corp.,* 1996 WL 111126, at\*3 (Del. Super.).
[13] *Taylor v. State,* 748A.2d 914, 914 (Del. 2000).

not base her decision solely on hearsay evidence.[14].    However, at the Board

hearing with regard to Appellant's claim for benefits, a witness with first-hand

knowledge came forward and testified that Appellant had deliberately thrown

the object on the floor.[15]  In *Unemployment Insurance Appeal Board v. Martin*,

431 A.2d 1265 (Del. 1981) (see footnote 14), a referee had relied solely on

hearsay evidence in coming to a decision adverse to a claimant.  On appeal to

the Board, the Board remanded the case to the referee for a rehearing with first-

hand testimony.  Such competent evidence was received at the rehearing, and

upon another adverse decision the claimant appealed to the Superior Court,

which reversed the Board.  The Delaware Supreme Court reversed the Superior

Court and upheld the Board decision, stating (at 1269):

> "Claimants also argue that the administrative decision should be reversed
> because the referee admitted certain hearsay evidence relating to the
> discussions between claimants and management personnel on the day in
> question and relied on this evidence in rendering his decision. Although
> it appears that such evidence was admitted and relied upon by the referee
> in his first hearing and decision, it is clear that any error committed
> thereby was cured during the remand to the referee after the first hearing
> before the Board. Specifically, the Board remanded the case to the referee
> with instructions that the supervisor involved in the incident, whose

---

[14] See, e.g., *Geegan v. Unemployment Compensation Commission*, 45 Del. (6 Terry) 513, 76 A.2d 116 (Super. 1950); *Unemployment Insurance Appeal Board v. Martin*, 431 A.2d 1265 (Del. 1981); *Goldsmith v. Unemployment Insurance Appeal Board*, 1982 WL 591942 (Del. Super. March 9, 1982), where the Court held that consideration of hearsay evidence by the Board is not fatal if it is coupled with other competent evidence.

[15] In her handwritten appeal to this Court, Appellant accuses the witness of lying.  However, Appellant chose not to appear at the Board hearing in order to cross-examine the witness and otherwise question the veracity of the witness.

version of the facts had originally been introduced through hearsay evidence, be produced in person to testify from his own memory as to the facts in dispute. The record shows that the supervisor did testify in person at the second hearing before the referee, and that the referee's and the Board's ultimate findings were based on this live testimony. Therefore, even though inadmissible hearsay was permitted and relied upon in the first referee hearing and decision, this error was adequately cured at the second referee hearing."

In this case the non-hearsay, direct evidence was before the Board and is in the record of the hearing.

Unfortunately for Appellant, the record reflects a factual dispute that involved the credibility of witnesses, a dispute that the Board clearly resolved against Appellant. That resolution is binding on this Court.[16]

The record further shows that Employer had a company policy prohibiting such conduct, and Appellant was aware of that policy.

These facts, taken together with the Board's binding credibility determination, lead me to conclude the Board's decision was supported by substantial evidence and free from legal error.

---

[16] *Starkey v. Unemployment Insurance Appeal Board.* 340 A.2d 165, 167 (Del. Super. 1975).

## VI.  CONCLUSION

The Board's decision finding that Appellant was terminated for just cause in connection with her employment, and is not entitled to unemployment insurance benefits, is **AFFIRMED**.

**IT IS SO ORDERED.**

_____
Craig A. Karsnitz, Judge

oc:     Prothonotary

cc:     Marie A. Mondestin
        Unemployment Insurance Appeal Board
        Perdue Foods, LLC