542 A.2d 624

Daniel Rosler, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 6, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Frank Ledahawsky, Northern Pennsylvania Legal Services, Inc.,* for petitioner.

*Jonathan Zorach,* Assistant Counsel, with him, *Gary L. Kelley,* Assistant Counsel, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE SMITH, June 7, 1988:

Petitioner Daniel Rosler (Claimant) appeals an order of the Unemployment Compensation Board of Review (Board) which affirmed the referee who determined Claimant to be ineligible for benefits for failure to meet the financial eligibility requirements of Section 404 of the Pennsylvania Unemployment Compensation Law (Law).[1] The Board's decision is affirmed.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §804. Section 404 provides that compen-

The issue presented by this appeal is whether Claimant is financially ineligible to receive unemployment compensation benefits because of his discharge from the United States Navy under other than honorable conditions. Title 5 of the United States Code, *as amended by* Pub. L. 94-566, 90 Stat. 2667 (5 U.S.C. §§8521-8525) provides for a program of unemployment compensation for unemployed persons who become separated from the Armed Forces.[2] Initially, we note

---

sation shall be paid to eligible employees in accordance with provisions of the section. Section 404(a)(1) provides that: . .

"The employee's weekly benefit rate shall be computed as the amount appearing in Part B of the Table Specified for the Determination of Rate and Amount of Benefits on the line on which in Part A there appears his 'highest quarterly wage' or (2) fifty percentum (50%) of his full-time weekly wage, whichever is greater."

[2] 5 U.S.C. §8521(a) provides:

(1) "Federal service" means active service (not including active duty in a reserve status unless for a continuous period of 180 days or more) in the armed forces . . . if with respect to that service—

(A) the individual was discharged or released under honorable conditions (and, if an officer, did not resign for the good of the service); and

(B)(i) the individual was discharged or released after completing his first full term of active service which the individual initially agreed to serve, or

(ii) the individual was discharged or released before completing such term of active service—

(I) for the convenience of the Government under an early release program,

(II) because of medical disqualification, pregnancy, parenthood, or any service-incurred injury or disability,

(III) because of hardship, or

(IV) because of personality disorders or inaptitude but only if the service was continuous for 365 days or more;

. . . .

that under federal law, the unemployment compensation authorities of the various states are empowered to act as agents of the federal government in extending benefits to covered federal employees.[3]

Claimant argues that the Board's application of the law in requiring honorable discharge as a prerequisite to eligibility is unconstitutional and violative of the due process and equal protection clauses of the United States Constitution. This Court will accordingly consider Claimant's appeal consistent with its limited scope of review to determine whether constitutional rights have been violated; whether an error of law was committed; or whether necessary findings of fact are supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

The facts in this case are not in dispute. Claimant served an enlistment period in the United States Navy from August 17, 1983 until October 10, 1986, the date of his discharge under other than honorable conditions. He applied for benefits effective November 9, 1986 which were denied by the Office of Employment Security (OES) under Section 404 of the Law. Claimant appealed the OES decision. At the hearing before the referee, Claimant testified that during his enlistment in the Navy, he was arrested for driving under the influence of alcohol which was reduced by the court to reckless driving with alcohol. As a result, Claimant was offered the option of obtaining good evaluations from his superiors and remaining in the Navy or being discharged. Claimant accepted discharge. The record contains Form DD-214, a federal military document entitled Certificate of Release or Discharge from Active Du-

---

[3] *See* 5 U.S.C. §8502; *Lenns v. Unemployment Compensation Board of Review*, 109 Pa. Commonwealth Ct. 48, 530 A.2d 528 (1987).

ty. The document lists the type of separation as "discharged"; the reason for discharge as "misconduct—convicted by a civil court during current term of military service"; and character of service as "other than honorable conditions."[4] Claimant does not challenge the accuracy of the military document. Based upon the evidence, the referee issued a decision affirming the OES and denying benefits to Claimant. On appeal to the Board, an order was entered affirming the referee.

In ruling upon constitutional challenges to the Law, this Court must consider the policy and legislative intent behind enactment of the Law. Section 3 of the Law, 43 P.S. §752, states that:

> Economic insecurity due to unemployment is a serious menace to the health, morals and welfare of the people of the Commonwealth. Involuntary unemployment and its resulting burden of indigency falls with crushing force upon the unemployed worker, and ultimately upon the Commonwealth and its political subdivisions in the form of poor relief assistance. Security against unemployment and the spread of indigency can best be provided by the systematic setting aside of financial reserves to be used as compensation for loss of wages by employees during periods when they become *unemployed through no fault of their own.* (Emphasis added.) The principle of the accumulation of financial reserves, the showing of risks, and the payment of compensation with respect to unemployment meets the need of protection against the hazards of unemployment and indigency. The Legislature, therefore, declares that in its considered judgment the public good and the general welfare of the citi-

---

[4] Certified Record, Attachment to Exhibit 3.

zens of this Commonwealth require the exercise of the police powers of the Commonwealth in the enactment of this act for the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own.

A strong and fundamental presumption exists that in enacting legislation, the Legislature has acted within constitutional bounds. *Kirk v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 92, 425 A.2d 1188 (1981). A claimant who challenges the constitutionality of the law bears a heavy burden of demonstrating that it "clearly, plainly and palpably" violates a specific mandate or prohibition of the Constitution. *Commonwealth v. Parker White Metal Company*, 512 Pa. 74, 515 A.2d 1358 (1986); *Snider v. Thornburgh*, 496 Pa. 159, 436 A.2d 593 (1981).

Claimant initially argues that the Board's decision has the effect of establishing a class of persons who are automatically denied benefits irrespective of whether a military discharge is voluntary or involuntary and consequently violates Claimant's equal protection rights. It must be stated at the outset that this Court has previously ruled on constitutional challenges to the unemployment compensation law and reaffirms here this Court's ruling in *Grossinger v. Unemployment Compensation Board of Review*, 86 Pa. Commonwealth Ct. 241, 245, 485 A.2d 80, 82 (1984) where it was held:

Preliminarily, we note that, inasmuch as the statute discriminates in establishing *classes* of certain persons or groups of persons as eligible or ineligible for benefits, but does not discriminate among members *within a class* eligible for benefits, the claimants' challenge confuses invidious discrimination with the bonafide establishment of eligibility requirements. See Bie-

venour v. Unemployment Compensation Board
of Review, 42 Pa. Commonwealth Ct. 616, 618
n.2, 401 A.2d 594, 595 n.2 (1979).
. . . [W]e must sustain the legislative classifica-
tion unless it is patently arbitrary and without a
rational relationship to a legitimate government
interest.[4]

---

[4]For both equal protection and substantive
due process claims, the appropriate standard of
review is the established 'rational basis' test. See
Laudenberger v. Port Authority of Allegheny
County, 496 Pa. 52, 436 A.2d 147 (1981), appeal
dismissed; Bucheit v. Laudenberger, 456 U.S.
940 [102 S.Ct. 2002, 72 L.Ed.2d 462] (1982).

Thus, in the context of this Commonwealth's unemploy-
ment compensation statute which does not involve a
fundamental right, a classification established which is
not inherently suspect will pass scrutiny under the
equal protection clause provided that it bears some ra-
tional basis to the statute's legitimate purpose. *See Kirk,*
citing *Wallace v. Unemployment Compensation Board
of Review,* 38 Pa. Commonwealth Ct. 342, 393 A.2d 43
(1978). The intent of Congress in enacting Section 8521
and the Pennsylvania Legislature in enacting the unem-
ployment compensation law is to deny unemployment
compensation benefits to military service persons dis-
charged from active duty under other than honorable
conditions, a policy which bears a rational relationship
to this state's legitimate interests in providing economic
security to citizens of this Commonwealth who become
unemployed through no fault of their own.

Claimant, in his due process argument, contends
that a presumption of ineligibility for benefits exists be-
cause of military discharge under other than honorable
conditions, and that such presumption denies Claimant

his rights to an individualized determination of his claim. Based upon the information contained in the military document which Claimant does not dispute,[5] the referee made necessary findings of fact to support his conclusion that under Section 8521 Claimant's wages may not be considered for unemployment compensation purposes and that under Section 404(a)(1) of the Law, Claimant is financially ineligible for benefits.

The Code of Federal Regulations provides that information contained in a military document shall constitute findings which are final and conclusive for all purposes of the unemployment compensation program as to whether the ex-serviceman has performed federal military service; the beginning and ending dates of military service and days lost during such periods; type of discharge or release; and pay grade at the time of discharge or release.[6] Information contained in the military document thus constitutes federal findings which, in this case, are final, conclusive, and beyond this Court's power to review. *Deaner v. Unemployment Compensation Board of Review*, 78 Pa. Commonwealth Ct. 431, 467 A.2d 662 (1983).

In addressing appellant's constitutional challenges in *Laudenberger*, the Supreme Court held that:

> The touchstone of substantive due process, as with equal protection, is whether the law in question is rationally related to a legitimate state goal, or whether the state action arbitrarily works to deny an individual of life, liberty, or property. (Citation omitted.)

*Id.*, at 70, 436 A.2d at 157.

---

[5] Claimant does not challenge the military certificate of release or seek to correct the document pursuant to 20 CFR §614.22. Claimant testified, however, that he has applied for an upgrade of his discharge classification.

[6] 20 C.F.R. §§614.21, 614.25.

Due process does not require that Claimant be given an opportunity to contradict or relitigate the underlying merits of his conviction during military service where Claimant was afforded a trial.[7] He may not now claim a denial of rights to benefits afforded only to those who become unemployed through no fault of their own. For the state agency to disregard federal military documents would violate the law and subvert the federal military findings which, under the circumstances of this case, are binding on the Board and this Court. We therefore hold that the Board's denial of benefits does not violate any of Claimant's constitutional rights. Accordingly, the Board's decision is affirmed.

### ORDER

AND NOW, this 7th day of June, 1988, the decision and order of the Unemployment Compensation Board of Review dated February 13, 1987 is affirmed.

---

[7] Claimant's reliance upon *Schulman v. Navy Regional Finance Center, Civilian Payroll Department,* 38 Colo. App. 372, 560 P.2d 476 (1976) is misplaced. The *Schulman* Court determined that Claimant was entitled to a hearing to explain the federal findings where claimant was denied the right to a hearing before an appropriate federal agency. *Schulman* is further distinguishable in that claimant voluntarily resigned his position with the Navy and sought to clarify his reasons for resignation.