**Nicholas GIBBS, Appellant,**

v.

**UNITED STATE ARMY and the Unemployment Insurance Appeals Board, Appellees.**

**C.A. No. K14A–06–007 WLW**

Superior Court of Delaware,
IN AND FOR KENT COUNTY.

Submitted: October 14, 2014
Decided: December 23, 2014

---

Nicholas Gibbs, pro se

Paige J. Schmittinger, Esquire of the Department of Justice, Wilmington, Delaware; attorney for the Unemployment Insurance Appeals Board.

## OPINION

WITHAM, R.J.

### *INTRODUCTION*

Before the Court is the *pro se* appeal of Appellant Nicholas Gibbs (hereinafter "Appellant") from the decision of the Unemployment Insurance Appeals Board (hereinafter "the Board" or "the UIAB") denying Appellant's appeal because military wages cannot be used in the determination of entitlement to unemployment benefits when an ex-servicemember has been deemed ineligible to receive such benefits. The issue of denial of unemployment benefits to an ex-servicemember of a military branch involves both Delaware state law and federal law, and is an issue novel to Delaware. For this reason, this Court has decided the matter requires a more extensive review.

### *BACKGROUND*

On January 11, 2013, the Appellant was discharged from the Army under "other than honorable conditions." On January 5, 2014, the Appellant filed for unemployment benefits. The Claims Deputy made its decision on February 24, 2014, denying

benefits to the Appellant because the military classified him as a person not entitled to any benefits, and therefore he may not use his military wages in the determination of any entitlement to unemployment insurance benefits. Appellant timely appealed.

On March 27, 2014, the Appeals Referee conducted a hearing with both the Appellant and the Division of Unemployment Insurance, as well as a representative for the Army. The Appellant testified that he supplied the Referee with his Certificate of Release or Discharge from Active Duty, or a DD Form 214.[1] The history stated that the Appellant separated from the Army on January 11, 2013, his character of service was under "other than honorable conditions," and the narrative for separation was "in lieu of trial by court-martial." On February 13, 2014 Brian Hewitt, the Deputy Chief of the United States Army, advised the Division of Unemployment Insurance that the Appellant does not meet the eligibility for approval of unemployment compensation, resulting in Appellant's prior wages during service being invalid for purposes of qualifying for any sort of claim.[2]

The Division of Unemployment Insurance representative reviewed the DD Form 214 with the Appellant during the hearing and explained that because of his classification, he is not entitled to benefits. The representative with the Department of the Army also confirmed that the information in the letter from Deputy Chief Brian Hewitt was correct in stating the Appellant's character of service. The Appellant

---

1. Agency Exhibit # 1. A DD Form 214 is a document issued by the United States Department of Defense upon a military service member's retirement, separation, or discharge from active-duty. The Division of Unemployment Insurance testified that when a DD

Form 214 is supplied, the agency is also supplied with a chart detailing whether the reason for discharge makes a claimant eligible for benefits.

2. Agency Exhibit # 2.

then confirmed with the parties his desire to change the characterization of his discharge (presumably from "other than honorably" to "honorably"), and if successful, could he then reapply for unemployment benefits. He was told that yes, he could, but any change in his classification would need to be changed by the military branch and not the state. The Appellant also asked if the Army erred in his classification of discharge, how the wages would be decided if he were to receive them, and if he should take up his grievances with the Secretary of the Army. Appellant then began to question the parties as to whether or not there was a determination that he was "AWOL" or absent without leave. He also insinuated that his claims were never handled properly. Appellant was referred back to the United States Army for responses to such questioning.

The hearing ended with the Appellant indicating he would be making attempts to alter his discharge classification through the appropriate military branch. The Appeals Referee concurred with the Claims Deputy, stating that in the absence of a waiver based on an appeal by the Appellant to the Army, the Department of Labor is bound by the findings of the military, and thus denied Appellant's appeal. Appellant accordingly appealed. The UIAB affirmed the Appeals Referee on April 21, 2014. It determined that the Appeals Referee made no error in its decision and adopted its decision as its own. Appellant timely appealed.

In each appeal, the Delaware Department of Labor failed to specify the correct statute to which it based its decision on, and instead cited only to a federal statute that described how a "Federal Service Member" is defined.[3] In reaching its conclusion, the Board did not cite a comparable Delaware statute to aid in its determination. This Court will provide Delaware statutory law, as well as federal statutory and regulatory provisions regarding unemployment compensation.

Further, because the Delaware court system has not seen such a case, this Court will refer to the Commonwealth Court of Pennsylvania, as it has handled such matters in the past.

### STANDARD OF REVIEW

When this Court reviews a procedural decision of the UIAB—which is a discretionary decision, as opposed to a factual decision that would trigger substantial evidence review-the Court must determine whether the UIAB abused its discretion in rendering its decision.[4] There is no abuse of discretion unless the Board based its procedural decision "on clearly unreasonable or capricious grounds" or the Board "exceeds the bounds of reason in view of the circumstances and had ignored recognized rules of law or practices so as to produce injustice."[5] If there is no abuse of discretion, the Court must affirm the Board's decision if the Board did not otherwise commit an error of law.[6]

However, because the Board failed to identify the basis for its determination under Delaware law, this Court will analyze

---

**3.** 5 U.S.C. § 8521(a).

**4.** *Hartman v. Unemployment Ins. App. Bd.,* 2004 WL 772067, at *2 (Del.Super. Apr. 5, 2004) (citing *Funk v. Unemployment Ins. App. Bd.,* 591 A.2d 222, 225 (Del.1991)).

**5.** *Powell v. Unemployment Ins. App. Bd.,* 2013 WL 3834045, at *1 (Del.Super. July 23, 2013) (citing *Hartman,* 2004 WL 772067, at *2).

**6.** *Wilson v. Franciscan Care Ctr.,* 2006 WL 1134779, at *1 (Del.Super.Apr. 18, 2006) (citing *Funk,* 591 A.2d at 225).

it accordingly under 19 *Del. C.* § 3314(2) and 5 U.S.C. § 8521(a).[7]

### DISCUSSION

Under federal law, the unemployment compensation authorities of states are empowered to act as agents of the federal government in extending benefits to covered federal employees.[8] Someone who has been discharged from the Armed Services may receive unemployment compensation if they were discharged under honorable conditions.[9] The only issue that was before the Board throughout this appeals process was the denial of Appellant's benefits due to his classification of discharge from the military. Appellant was "other than honorably discharged." When a service member is discharged from the military for "other than honorable" conditions and the reason was for "separation in lieu of trial by court martial,"[10] it would appear that the relationship was severed with just cause.[11]

Pursuant to 19 *Del. C.* § 3314(2), an employee who is terminated for "just cause" shall be disqualified from receiving unemployment benefits.[12] "Just cause" refers to a "wilful [sic] or wanton act in violation of either the employer's interest, or of the employee's duties, or of the employee's expected standard of conduct."[13] When an employee is insubordinate, this is just cause for termination.[14] Discharge of employment due to insubordination constitutes as just cause if the employee wilfully refuses to follow the reasonable instruction of the employer.[15] "Just cause" as a reason for an employee's termination renders one ineligible for unemployment benefits under Delaware statutory law.

For an ex-serviceman to be classified as "other than honorably discharged," it is parallel to a civilian's termination for just cause. When a serviceman is other than honorably discharged it means that his conduct has departed from the conduct

---

7. "(1) "Federal service" means active service (not including active duty in a reserve status unless for a continuous period of 90 days or more) in the armed forces or the Commissioned Corps of the National Oceanic and Atmospheric Administration if with respect to that service—

(A) the individual was discharged or released under honorable conditions (and, if an officer, did not resign for the good of the service); and
(B)(i) the individual was discharged or released after completing his first full term of active service which the individual initially agreed to serve, or
(ii) the individual was discharged or released before completing such term of active service—
(I) for the convenience of the Government under an early release program ..." 5 U.S.C. § 8521(a).

8. 5 U.S.C. 8502(d); *Rosler v. Com., Unemployment Comp. Bd. of Review,* 116 Pa.Cmwlth. 604, 542 A.2d 624 (1988).

9. Title 5 of the United States Code *as amended by* Pub.L. No. 94–566, 90 Stat. 2667 (5 U.S.C. §§ 8521–8525).

10. Agency Exhibit # 1.

11. The exact reason for Appellant's discharge is not stated in the paperwork provided to this Court, merely that the narrative reason for separation was "in lieu of trial by court-martial."

12. *Jarrell v. AmeriSpec Home Inspections, Inc.,* 2011 WL 3908162, at *4 (Del.Super.Ct.2011).

13. *Boughton v. Div. of Unemployment Ins. of Dep't of Labor,* 300 A.2d 25, 26 (Del.Super.Ct.1972), *quoting Abex Corp. v. Todd,* 235 A.2d 271 (Del.Super.Ct.1967).

14. *Jarrell v. AmeriSpec Home Inspections, Inc.,* 2011 WL 3908162, at *4 (Del.Super.Ct.2011).

15. *Scott v. Unemployment Ins. Appeal Bd.,* 1993 WL 390365, at *4 (Del.Super.Ct.1993).

expected of members in the Army, such as "(1) use of force or violence to produce serious bodily harm or death, (2) abuse of trust, (3) disregard for customary superior/subordinate relationships, (4) lengthy AWOL time, and (5) acts that endanger the security of the United States or welfare of other Army members."[16] When conduct departs from what is expected of members of the Army, this mirrors when an employee acts contrary to employer standards, and whose employment is terminated for "just cause."

■ This case also falls under the purview of federal statute 5 U.S.C. § 8521(a) governing federal service members.[17] The Appellant's employment and wages from the Army are excluded when his employment does not constitute "Federal Service."[18] In this case, because Appellant was discharged for any classification other than "honorably," his employment does not constitute as "Federal Service" under the statute, and therefore he is not entitled to unemployment benefits.

The Code of Federal Regulations provides that any information pertaining to an ex-servicemember that is contained in a military document is considered final and conclusive "for the purpose of the federal government's Unemployment Compensation for Ex-servicemembers program, including for purposes of appeal and review."[19] The Commonwealth Court of Pennsylvania applied this federal statute in a state law claim for unemployment benefits by regarding an Appellant's DD Form 214 as a federal finding, holding it final,

conclusive and beyond a state Court's power to review.[20] A federal finding of a military person's ineligibility for unemployment benefits is considered final and binding, and includes determinations over "the beginning and ending dates of military service and days lost during such periods; type of discharge or release; and pay grade at the time of discharge or release."[21] 5 U.S.C. § 8523(b)(1) that pertains to the receipt of unemployment benefits provides in relevant part:

(b) Subject to correction of errors and omissions as prescribed by regulations of the Secretary, the following are *final and conclusive* for the purpose of sections 8502(d) and 8503(c) of this title (emphasis added):

(1) Findings by an agency of the United States made in accordance with subsection (a) of this section with respect to—

(A) whether or not an individual has met any condition specified by section 8521(a)(1) of this title;

(B) the periods of Federal service; and

(C) the pay grade of the individual at the time of his latest discharge or release from Federal service.

■ Although a state's judiciary has the capacity to review cases involving unemployment benefits for ex-servicemen, 5 U.S.C.A. § 8502 of the code has made clear that the determinations by the relevant military branch about a person's discharge may not be altered through the

---

16. Chapter 10, Army Regulation 635–200.

17. *Supra* note 7.

18. *Ka Young Lee v. Unemployment Comp. Bd. of Review*, 2013 WL 3973802, at *1 (Pa. Commw.Ct. Apr. 25, 2013).

19. *Id. citing* 20 C.F.R. 614.21; 614.23.

20. *Ka Young Lee v. Unemployment Comp. Bd. of Review*, 2013 WL 3973802, at *1 (Pa. Commw.Ct. Apr. 25, 2013).

21. *Rosler v. Com., Unemployment Comp. Bd. of Review*, 116 Pa.Cmwlth. 604, 542 A.2d 624, 627 (1988).

state.[22]  In the instant case, Appellant repeatedly states he is unjustly classified as "other than honorable" and insists he will appeal the classification to the Army. However, Appellant has not supplied this Court with any documentation pertaining to such an appeal.  As such, this Court will find that Appellant's DD Form 214 holds as final and conclusive, in that Appellant was discharged under other than honorable conditions, and as result is unable to receive unemployment benefits.

■■■ The Court is conscious of the fact that Appellant is litigating this appeal *pro se*.  Courts are at liberty to reasonably interpret a *pro se* litigant's filings, pleadings and appeals "in a favorable light to alleviate the technical inaccuracies typical in many *pro se* legal arguments...."[23] However, barring extraordinary circumstances, "procedural requirements are not relaxed for any type of litigant ..."[24]  Because this Court is bound by federal law in determining Appellant's classification, the Court must affirm the UIAB's decision.

## CONCLUSION

In light of the substantial evidence in support of the UIAB's decision, as well as the absence of any error of law, the decision of the UIAB must be, and is, hereby **AFFIRMED.**

IT IS SO ORDERED.

---

**22.**  "A determination by a State agency with respect to entitlement to compensation under an agreement is subject to review in the same manner and to the same extent as determinations under the State unemployment compensation law, and only in that manner and to that extent."  5 U.S.C.A. § 8502(d).

**23.**  *McGonigle v. George H. Burns, Inc.,* 2001 WL 1079036, at *2 (Sept. 4, 2001).

**24.**  *Id.*