# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ISAIAH COLLINS, | : | |
| | : | |
| Appellant-Claimant, | : | |
| | : | |
| | : | C.A. No.: K21A-10-001 JJC |
| | : | |
| v. | : | |
| | : | |
| THE UNEMPLOYMENT | : | |
| INSURANCE APPEALS BOARD, | : | |
| | : | |
| Appellee. | : | |
| | : | |

Submitted: February 15, 2022
Decided:  March 29, 2022

## ORDER

*Upon Consideration of Appellant's Appeal from the Unemployment Insurance Appeals Board –* **REVERSED and REMANDED**

**AND NOW TO WIT**, this 29th day of March 2022, upon consideration of the record and the briefing by the parties, **IT APPEARS THAT**:

1.     Appellant Isaiah Collins appeals a decision of the Unemployment Insurance Appeals Board (hereinafter "the Board" or "UIAB") issued on September 20, 2021.  After the United States Army separated Mr. Collins, he sought unemployment insurance benefits.  When doing so, he sought to include the amount of his prior military pay in the calculation.   The Division of Unemployment Insurance ("Division") denied his claim.  On appeal, the UIAB did also.  Mr. Collins now appeals the UIAB's decision.

2.    For background purposes, federal statute permits the United States Secretary of Labor to enter agreements with the states to permit designated state agencies to oversee the payment of unemployment benefits to former federal employees.[1]    In Delaware, the General Assembly has authorized Delaware's Department of Labor ("DOL") to enter such an agreement with the United States Secretary of Labor.[2]

3.    Former military service members, who served on active duty, qualify for benefits under this system.[3]  The program specific to former active-duty military members is known as the Unemployment Compensation for Ex-Servicemembers Program ("UCX").[4]    Through this mechanism, UCX pays unemployment benefits to qualifying claimants.[5]   As the administrator of these benefits in Delaware, DOL's Division of Unemployment Insurance must follow federal law to determine if claimants qualify.[6]

4.    Congress has provided the U.S. Department of Labor (the "Department") the authority to prescribe federal rules and regulations that define UCX qualifications and provide guidelines for payment.[7]    As a result, the

---

[1] *See* 5 U.S.C. § 8502 (providing the United States Secretary of Labor with the authority to enter into an agreement with state or agencies administering unemployment compensation programs, to act as agents of the federal government); *Gibbs v. United States Army*, 116 A.3d 427, 431 (Del. Super. Ct. 2014) (explaining the unemployment compensation authorities of the states, including DOL or the Division of Unemployment Insurance, may act as agents of the federal government for UCX purposes).

[2] *See* 19 *Del. C.* § 3131 (providing "[DOL] may enter into reciprocal arrangements with appropriate and duly authorized agencies of other states or of the federal government").

[3] *See* 5 U.S.C. § 8501(3) (defining a federal employee as an individual who has performed "Federal service"); 5 U.S.C. § 8521 (defining "Federal service" for former military service members).

[4] 5 U.S.C. §§ 8521-8525.

[5] 20 C.F. R. 614.1(a).

[6] 5 U.S.C. § 8502(a); 20 C.F.R. § 614.1.

[7] *See* 5 U.S.C. § 8508 (providing the United States Secretary of Labor the authority to prescribe rules and regulations necessary to carry out [UCX]); 20 C.F.R. §§ 614.1-614.27). *See generally* J. Irina F. Tentser, *Unemployment Benefits for Veterans Under the UCX Program*, 35 Nov. L.A. L. 28 (2012) (providing a helpful explanation of the UCX program).

Department promulgated Part 614 of the Code of Federal Regulations (the "Regulations") to implement the program.[8] In addition, the Department also issues guidance to its state agents through Unemployment Insurance Program Letters ("UIPLs").[9] The Department most recently updated this guidance in UIPL No. 30-20 (hereafter also referred to as the "Letter") on September 24, 2020.[10] It is the Letter that provides the relevant guidance applicable to Mr. Collins' case.

5. To qualify under UCX, a servicemember must be (1) discharged under honorable conditions and (2) complete a full term of active service *or* meet certain exceptions.[11] Mr. Collins did not complete his first term of enlistment. Because the Army separated him under honorable conditions, however, he may still qualify for UCX benefits if he meets one of several exceptions. Of those exceptions, the relevant one required the Division (or, on appeal, the UIAB) to answer whether the Army separated Mr. Collins for "personality disorders or inaptitude but only if [his] service was continuous for 365 days or more."[12]

6. When an ex-servicemember who applies for UCX benefits submits a claim, he or she must provide the Division information regarding the length of his or her service and the reason for his or her discharge.[13] The relevant information is found on the servicemember's Certificate of Release of Discharge From Active-Duty Form (hereafter "DD-214").

7. Here, Mr. Collins' DD-214 demonstrates that he received a general discharge, under honorable conditions.[14] Accordingly, he meets the first statutory

---

[8] 20 C.F.R. §§ 614.1-614.27.
[9] 20 C.F.R. § 614.5(c).
[10] Appellee's Ans. Br. Ex. B (D.I. 8) (hereafter "UIPL No. 30-20").
[11] 5 U.S.C. § 8521(emphasis added); *Gibbs*, 116 A.3d at 432.
[12] 5 U.S.C. § 8521 (a)(1)(B)(ii)(IV).
[13] 5 U.S.C. § 8523(a). *See* 20 C.F.R. § 614.6(e) (providing that the state agency shall obtain the necessary information from federal military agencies to determine eligibility for UCX benefits).
[14] R. at 49.

requirement for UCX benefits.[15] He did not, however, complete his first full-term of enlistment. Notwithstanding his reduced length of service, because he served honorably for greater than 365 days, he qualifies for UCX benefits if the Army separated him because of "personality disorders or inaptitude."

8. The Division, as the Department's agent in Delaware, must look to UIPL No. 30-20 to define what reasons for separation are based upon "personality disorders or inaptitude." The Letter includes a list of acceptable narrative reasons as an attachment; it also creates a decision tree for the Division to follow when processing such claims.

9. The first step in UIPL No. 30-20's decision tree directs the Division to compare, verbatim, the claimant's reason for separation found on his DD-214 to the Letter's list of acceptable reasons.[16] Second, absent a verbatim match, the Letter instructs the Division to qualitatively compare the claimant's DD-214 provided reason to the Letter's list of acceptable reasons. In Mr. Collins' case, the Army's stated reason for separating him does not match one of the listed acceptable reasons verbatim. Accordingly, the Letter instructed the Division to determine whether his DD-214's stated reason for separation "substantially matches" one of the acceptable narrative reasons.[17] If the Division, or the UIAB on appeal, finds a substantial similarity between the written reason and an acceptable reason, then either the Division or the UIAB must contact the Department of the Army for clarification. Had the Division or the UIAB contacted the Department of the Army or the Department of Labor's UCX Regional Office, one of those offices would have confirmed whether Mr. Collins qualifies for benefits.[18]

---

[15] 5 U.S.C. § 8521(a)(1)(A).
[16] UIPL No. 30-20, at 2.
[17] UIPL No. 30-20, at 3.
[18] UIPL No. 30-20, at 3.

10. In this case, the record demonstrates that Mr. Collins filed a claim for unemployment benefits after the Army separated him. After a Division level hearing, a claims deputy found that Mr. Collins' service did not meet one of the acceptable reasons for separation listed in 5 U.S.C. § 8521. The claims deputy's written decision cited only the statute and then denied his claim.[19] Mr. Collins then appealed the claims deputy's decision to an appeals referee.[20]

11. The appeals referee denied him benefits, as well. When doing so, she referenced the narrative reasons for separation listed in Mr. Collins' DD-214. She did not explain her reasoning for denying his claim, however. Nor did she reference any effort, taken by the Division or herself, to compare his reason for separation written on his DD-214 to the list of acceptable reasons provided in the Letter. Rather, she stopped her analysis after she recognized that he had not completed his first full term of enlistment.[21] In this regard, she neglected to consider whether 5 U.S.C. § 8521(a)(1)(B)(ii)(IV)'s exception applied. That subdivision required both the Division, and then the appeals referee on appeal, to perform additional steps. Those extra unperformed steps were necessary because Mr. Collins separation was (1) under honorable conditions, and (2) he served in the Army for at least 365 continuous days.

12. After the appeals referee's denial, Mr. Collins appealed the matter to the UIAB. There, the Board declined to consider additional evidence. Instead, it decided the matter based only upon the parties' arguments and the factual record developed before the appeals referee.[22] When the Board issued its decision, it recognized that

---

[19] R. at 7.
[20] R. at 17.
[21] R. at 9.
[22] *See* 19 *Del. C.* § 3320(a) (permitting the UIAB to hear an appeal from the appeal tribunal based on the evidence previously submitted, by considering additional evidence, or by remanding the matter to the appeals referee for receipt of additional evidence); *Filanowski v. Port Contrs., Inc.*,

Mr. Collins was discharged under honorable conditions.[23]  The Board also impliedly acknowledged that he served honorably for greater than 365 days, which in turn required it to perform an analysis beyond that performed by the appeals referee. Namely, the Board performed the Letter's second required step by reviewing the list of acceptable reasons for separation in UIPL No. 30-20.  While the Board compared Mr. Collins' DD-214 provided reason for separation to the Letter's list of acceptable separation narratives for a verbatim match,[24] it did not go on to qualitatively compare the two to determine if there was a "substantial" match.[25]  Rather, the UIAB summarily denied Mr. Collins' UCX benefits.[26]

13.     Thereafter, Mr. Collins appealed the UIAB's decision to the Superior Court.  In his appeal, he contends that the UIAB committed legal error by not following UIPL No. 30-20's guidance.  More specifically, Mr. Collins contends that his DD-214 narrative reason for separation, "Misconduct/Drug Abuse," is substantially similar to one of the Letter's "acceptable" narrative reasons: "Drug Rehabilitation Failure."  He emphasizes that UIPL No. 30-20 required either the UIAB, or the Division, to have compared the two reasons for separation.  According to Mr. Collins, if the listed reason for separation on his DD-214 at least substantially matches one of the acceptable reasons, UIPL No. 30-20 requires the UIAB, or its designee upon remand, to contact the Army through the Military-State Data Exchange Service for clarification regarding whether he qualified for UCX benefits.[27]

14.     In response, the Division counters that the UIAB decision should be upheld because Mr. Collins' DD-214's reason does not precisely match one of the

---

2007 WL 64758 (Del. Super. Jan. 2, 2007) (recognizing that the UIAB may open the record and consider additional or new evidence on the matter).
[23] *Collins v. State of Delaware*, UIAB Appeal Docket No. 47013451, at 2 (Sept. 20, 2021).
[24] *Id.*
[25] R. at 49.
[26] *Collins v. State of Delaware*, UIAB Appeal Docket No. 47013451, at 3 (Sept. 20, 2021).
[27] UIPL No. 30-20, at 2.

6

acceptable reasons found in UIPL No. 30-20.[28]   The Division concedes on appeal, however, that when a narrative reason listed on a DD-214 substantially matches a reason in the Letter's list, "[it] must contact the military to ask if it 'closely enough matches the reasons approved by the military.'"[29]   In spite of that recognition, the Division nevertheless contends that the Court should find that there is no substantial match, in the absence of a UIAB finding of fact on the issue.[30]   For that reason, the Division contends that neither it nor the Board had to contact the Army through the Military-State Data Exchange Service or perform the Letter's required follow-up inquiry with the Department's UCX Regional Office.[31]

15.     On appeal, this Court's review of the UIAB's factual findings is limited to determining whether the Board's decision was supported by substantial evidence and was free from legal error.[32]   Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[33]   On appeal, the Court views the facts in the light most favorable to the prevailing party below.[34]   Moreover, the Court does not weigh the evidence, determine questions of credibility, or make its own factual findings.[35]   Absent errors of law, which are reviewed *de novo*, a decision of the UIAB supported by substantial evidence will be upheld unless the Board abused its discretion.[36]   The Board abuses its discretion when its decision exceeds the bounds of reason in view of the circumstances.[37]

---

[28] Appellee's Ans. Br., at 2 (D.I. 8) (hereafter "Letter Resp.").
[29] Letter Resp. at 2.
[30] Letter Resp. at 2.
[31] Letter Resp. at 2.
[32] *Murphy & Landon, P.A. v. Pernic*, 121 A.3d 1215, 1221 (Del. 2015) (citing *Thompson v. Christiana Care Health Sys.*, 25 A.3d 778, 783 (Del. 2011)).
[33] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).
[34] *Murphy*, 121 A.3d at 1221.
[35] *Thompson v. Christiana Care Health Sys.*, 25 A.3d 778, 782 (Del. 2011).
[36] *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991).
[37] *Hoffecker v. Lexus of Wilmington*, 2012 WL 341714, at *1 (Del. Feb. 1, 2012).

16.     In this case, the Board committed legal error that requires reversal and remand. It did not follow the directions contained in UIPL No. 30-20 that should have controlled its analysis. Specifically, it failed to compare Mr. Collins' narrative reason for separation to the Letter's list of acceptable reasons to determine if there was a substantial match. It then committed an additional error by declining, in these circumstances, to consider additional evidence, as required by the Regulations, that could permit it to make that decision.[38]

17.     At the outset, the UIAB recognized in its decision that UIPL No. 30-20 is binding upon it and the Division.[39] Although it recognized that it must follow the Letter's directions, the Board most likely did not recognize the Department's recent and significant procedural adjustments to the process. Germanely, the Letter provides in relevant part:

> E.T. Handbook No. 384 [provides] that the narrative reasons for separation listed on the DD Form 214 must match, verbatim, with one of the 'acceptable' narrative reasons for separation published by the Department . . . *However, . . . the Department is modifying the instruction . . . . The new instructions address instances when the narrative reason provided on the DD Form 214 is not 'verbatim,' but substantially matches an 'acceptable' narrative reason for separation for UCX qualifying purposes provided in this UIPL* . . . In this context, a narrative separation reason will substantially match if: the reason on the DD Form 214 has the same meaning as one of the 'acceptable' narrative reasons for separation (i.e. different words are used but the meaning appears to be the same) . . . *If the narrative separation reason provided on the DD Form 214 substantially*

---

[38] *See* 20 C.F.R. Pt. 614, App. B, § 6011 (requiring state agencies, such as DOL and the Division, to "obtain promptly and prior to a determination of an individual's right to benefits, such facts pertaining thereto as will be sufficient reasonably to insure the payment of benefits when due . . . **It is the responsibility of the agency to take the initiative in the discovery of information . . and to afford the claimant an opportunity to furnish any further facts he [or she] may have**. . . In general, the investigation made by the agency must be complete enough to provide information upon which the agency may act with reasonable assurance that its decision is consistent with the unemployment compensation law." ) (emphasis added).

[39] *Collins v. State of Delaware*, UIAB Appeal Docket No. 47013451, at 2-3.

*matches a reason on the 'acceptable' narrative reasons for separation [listed in the] UIPL provided by the Department, states are to follow the instructions below*:[40]

The Letter then explains the further inquiries that the Division in the first instance, or the UIAB upon appeal, were required to perform.[41]

18. In this case, the Board erred by merely affirming the appeals referee's decision, without making, at least at a minimum, a factual finding comparing the two reasons. It also should have expanded the evidentiary record in this case because it was artificially constrained by the appeals referee's misunderstanding of her role. Namely, in the four pages of hearing testimony transcript, the appeals referee permitted Mr. Collins to focus only on the fact that he had not completed his first full-term of enlistment.[42] She did not reference the Letter or its requirements when she controlled the scope of the hearing.[43] Nor did she or the Division's representative even mention UIPL No. 30-20.[44] The appeals referee's written decision further confirmed that she did not consider the Letter's applicability.[45] Based upon her misunderstanding, the record impermissibly excluded relevant evidence. Accordingly, for this additional reason, a UIAB order blanketly affirming her decision constituted legal error.[46]

19. Here, a facial review of Mr. Collins' DD-214 and UIPL No. 30-20's acceptable reasons demonstrates that at a minimum, the Board erred by not considering how similar his reason for separation was from one of the acceptable

---

[40] UIPL No. 30-20 at 2-3 (emphasis added).
[41] UIPL No. 30-20, at 3.
[42] R. at 38-41.
[43] R. at 35-41.
[44] R. at 38-39.
[45] *See* R. at 8-10 (finding that because "the Claimant was honorably discharged prior to completion of his first full-term of service . . . the Claimant's military wages cannot be used in determining his monetary entitlement to unemployment benefits.)"
[46] *Collins v. State of Delaware*, UIAB Appeal Docket No. 47013451, at 3 (Sept. 20, 2021).

reasons. Namely, Mr. Collins' DD-214 reason for separation was "Misconduct [Drug Abuse]."[47] As Mr. Collins accurately emphasizes, the Letter includes as an acceptable reason, "Drug Rehabilitation Failure."[48] The UIAB references no efforts to compare the two or to consider what other acceptable narratives may have substantially matched the reason listed in Mr. Collins' DD-214.

20. The Division's argument that the Court should simply recognize that these two narratives do not substantially match would require the Court to engage in inappropriate fact finding. Here, as in all administrative appeals, it is the UIAB's role to make a finding regarding whether the two reasons substantially match. If they do, an unemployed, honorably separated servicemember such as Mr. Collins is due additional clarification from the service that separated him.

21. Accordingly, the Court remands the matter to the UIAB. On remand, the UIAB must consider evidence and make a factual finding regarding whether the reason "Misconduct [Drug Abuse]" found on Mr. Collins' DD-214 substantially matches one of UIPL No. 30-20's acceptable reasons. When doing so, the Court further directs the Board to make a factual finding regarding whether "Misconduct [Drug Abuse]" is substantially similar to "Drug Rehabilitation Failure."[49] If the Board determines, after considering additional evidence and argument, that Mr. Collins' stated reason for separation substantially matches one listed in the Letter, then the UIAB must then perform the steps in the administrative process that follow. That is, the Board or the Division, must request clarification from the Department of the Army, through the Military-State Data Exchange Service or other medium.[50] If

---

[47] R. at 49.

[48] UIPL No. 30-20, at Attachment I-2.

[49] When making this comparison, the UIAB should remain mindful of the federal statute's provision that UIPL No. 30-20 is intended to explain. Namely, in Mr. Collins' case, he is due benefits if the Army separated him for "personality disorders or inaptitude." 5 U.S.C. § 8521 (a)(1)(B)(ii)(IV).

[50] UIPL No. 30-20, at 3.

10

the UIAB finds the required similarity and makes the required inquiries, it will then receive a definitive answer regarding whether it should accept Mr. Collins' reason for separation for purposes of UCX benefits.[51]

**WHEREFORE**, for the reasons explained above, the Board's decision denying Mr. Collins' UCX benefits is **REVERSED** and **REMANDED** for actions consistent with this Order. Jurisdiction is not retained. On remand, the UIAB shall:

(1) Consider evidence and make a factual finding regarding whether the narrative reason for separation found in Mr. Collins' DD-214 substantially matches an acceptable reason listed in UIPL No. 30-20's attachment; and

(2) If the Board finds that Mr. Collins' DD-214 listed reason for separation substantially matches one of the acceptable reasons listed in UIPL No. 30-20, then either the Board, or the Division at its direction, shall perform the necessary inquiries as required by the Letter.

**IT IS SO ORDERED.**

/s/ Jeffrey J Clark
Resident Judge

JJC:klc
*Via File & Serve Express*

---

[51] UIPL No. 30-20, at 3; *Gibbs*, 116 A.3d at 432.