**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

**ROBERT H. ROBINSON, JR.**
**JUDGE**

**Sussex County Courthouse**
**1 The Circle, Suite 2**
**Georgetown, DE 19947**
**Telephone: (302) 856-5264**

Submitted: February 7, 2025
Decided: April 30, 2025

Rhona K. Prescott
14 Cedar Street
Lewes, Delaware 19958
*Pro Se Plaintiff*

R. Eric Hacker, Esq.
Morris James LLP
P.O. Box 690
Georgetown, Delaware 19947
*Counsel for Defendant*

Re:  **Rhona K. Prescott v. Lighthouse for Broken Wings, Inc.**
 **C.A. No.: S24C-08-012 RHR**

Dear Ms. Prescott and Counsel:

Rhona K. Prescott donated $475,000 to Immanuel Shelter, Inc. ("Immanuel")
for the purchase of a building to be used as a chapel and homeless shelter providing
recovery and rehabilitation programs (the "Property").[1] The details governing her
gift were detailed in a one-page agreement between her and Immanuel (the
"Agreement").[2] After receiving Prescott's donation, Immanuel entered into a
contract to purchase the Property, but needed to obtain a special use exception from

---

[1] D.I. 22, Pl.'s Second Am. Compl. ("SAC"), Exs. 1-2.
[2] *Id.*

the Sussex County Board of Adjustment ("BOA") to operate it as a homeless shelter. The BOA approved the application, but several neighbors of the Property appealed that decision to this court. This court reversed the BOA, finding that the BOA committed legal error when it incorrectly interpreted certain definitions in the Sussex County code that were the basis for granting the special use exception.[3] After realizing that it could not move forward with its plans for the Property, Immanuel transferred the Property to the defendant, Lighthouse for Broken Wings, Inc. ("Lighthouse"), then Immanuel dissolved. Lighthouse has since listed the Property for sale.

Prescott filed her complaint on August 6, 2024. In that complaint, she asked this court to either require Lighthouse to return her donation or to transfer the Property to another non-profit of her choosing.[4] Lighthouse moved to dismiss the complaint on October 14, 2024.[5] At a hearing on the motion to dismiss, the court explained the shortcomings of her complaint and gave Prescott leave to amend the complaint to clarify and bolster her claims.[6] Prescott filed a second amended complaint ("SAC"), but mostly restated the claims and allegations from the original complaint. In the SAC, she states that her claims are: (1) "violation of charitable

---

[3] *Hartigan v. Sussex County Bd. Of Adjustment*, 2018 WL 1559938 (Del. Super. Ct. Mar. 28, 2018).
[4] D.I. 1, Compl.
[5] D.I. 15.
[6] D.I. 21. At this hearing, the court dismissed another defendant, Desiree Short a/k/a Toni Short.

gift," (2) "violation of a donor gift," and (3) "breach of a restricted gift."[7] In the prayer for relief in the SAC, Prescott asks this court to order Lighthouse to deed the Property to her, to reimburse her for deferred maintenance on the Property, and to cover her legal expenses. Lighthouse then renewed its motion to dismiss. After consideration of Prescott's original complaint, her SAC, Lighthouse's motions to dismiss, Prescott's written opposition to the motions to dismiss, and the parties' oral arguments on the motions, this court finds that the SAC fails to state a claim upon which relief can be granted. Therefore, Lighthouse's renewed motion to dismiss is **GRANTED**.

Upon consideration of a motion to dismiss pursuant to Rule 12(b)(6), this court must: "(1) accept all well pleaded factual allegations as true, (2) accept even vague allegations as 'well pleaded' if they give the opposing party notice of the claim, (3) draw all reasonable inferences in favor of the non-moving party, and (4) [refrain from dismissing a claim] unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances."[8] The pleading standard for a motion to dismiss is "minimal."[9] The court may only dismiss a claim where a plaintiff fails to plead facts supporting an element of the claim, or where "under no

---

[7] SAC.
[8] Del. Super. Ct. Civ. R. 12(b)(6); *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Hldgs. LLC*, 27 A.3d 531, 535 (Del. 2011).
[9] *Cent. Mortg. Co.*, 27 A.3d at 536.

reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted."[10] The court may not "credit conclusory allegations that are not supported by specific facts, or draw unreasonable inferences in the plaintiff's favor."[11]

Lighthouse raises the following four arguments its renewed motion to dismiss: (1) Prescott's SAC fails to specifically name a cause of action supported by Delaware law and attempts to create a claim by reframing a breach of contract as a tort, (2) Prescott has not stated a claim for a breach that can be directly attributed to Lighthouse because the Agreement was between only Prescott and Immanuel, (3) the restrictions contained in the Agreement cannot be imputed to Lighthouse, and (4) Prescott's claims are barred by the statute of limitations. Lighthouse's motion prevails on its second and third arguments.

Lighthouse's first argument suggests that a plaintiff in a civil case is only entitled to relief where she invokes the exact language used in statutory or case law to describe her cause of action. A complaint must only "give [the] defendant fair notice of a claim and is to be liberally construed."[12] Prescott has properly alleged

---

[10] *inVentiv Health Clinical, LLC v. Odonate Therapeutics, Inc.*, 2021 WL 252823, at *4 (Del. Super. Ct. Jan. 26, 2021).

[11] *Norton v. K-Sea Transp. P'rs L.P.*, 67 A.3d 354, 360 (Del. 2013).

[12] *Michelson v. Duncan*, 407 A.2d 211, 217 (Del. 1979); *id.* ("A claimant need not necessarily expressly aver 'gift' or 'waste' in order to make out a claim on these theories. So long as claimant alleges facts in his description of a series of events from which a gift or waste may reasonably be inferred and makes a specific claim for the relief he hopes to obtain, he need not announce with any greater particularity the precise legal theory he is using.") (internal citations omitted).

facts from which certain causes of action can be reasonably inferred—in this case, breach of contract—and she has made specific claims for the relief she hopes to obtain.[13] Her complaint cannot be dismissed for failing to sufficiently name a cause of action.

Lighthouse's second argument asserts that Prescott fails to state a claim because she has not identified "an offer, acceptance, and consideration" that could directly bind Lighthouse under the Agreement.[14] The court agrees. Prescott's gift was to Immanuel. Lighthouse was not a party to the Agreement, and Prescott can point to no provisions in the Agreement that would bind Lighthouse.

Third, Lighthouse asserts that it cannot be indirectly bound by the restrictions in the Agreement because the only parties to the Agreement were Prescott and Immanuel, and no language in the Agreement binds future owners of the Property. Lighthouse's third argument prevails for two reasons: (1) Prescott did not allege facts that could indirectly impute liability to Lighthouse in her SAC, and (2) the Agreement expressly accounted for the Property being transferred to another organization, subject to certain conditions. Prescott did not identify any facts to support an indirect theory of liability until oral argument, where she briefly alluded to facts—such as her observations that attorneys from the same firm at various times

---

[13] *See, e.g.*, SAC at 4 ("My complaint is 'breach of restricted gift, per contract[.'] The contract/agreement was broken.").
[14] D.I. 24, Def.'s Renewed Mot. to Dismiss at 4.

represented Immanuel and Lighthouse, and that one individual who was involved with Immanual later became involved with Lighthouse—not alleged in the original complaint or SAC. When ruling on a motion to dismiss, the court may not consider any facts alleged outside of a complaint.[15] This court has held that "[a] *post hoc* attempt to clarify allegations in a complaint in response to a motion to dismiss 'cannot be received as a supplement or amendment to the pleading itself.'"[16] While the court may interpret arguments "in a favorable light to alleviate the technical inaccuracies typical in a *pro se* litigant's . . . pleadings," it may not read new arguments into a complaint without factual support.[17] After being given the opportunity to develop her vague allegations by granting leave to file a SAC, Prescott failed to do so. Only with a strained reading of Prescott's SAC, the court might presume Prescott argues that Lighthouse is bound by section five of the Agreement. That provision required Immanuel, in the event of foreclosure or if it disbands, to transfer the Property to "another nonprofit organization, preferably a homeless shelter."[18] Immanuel complied with this provision, and Prescott can point

---

[15] *Murray v. Mason*, 244 A.3d 187, 192 (Del. Super. Ct. 2020).

[16] *Id.* at 193 (citing *Akrout v. Jarkoy*, 2018 WL 3361401, at *3 n.23 (Del. Ch. July 10, 2018), *reargument denied*, 2018 WL 4501174 (Del. Ch. Sept. 19, 2018)).

[17] *McGonigle v. George H. Burns, Inc.*, 2001 WL 1079036, at *2 (Del. Super. Ct. Sept. 4, 2001); *see also Gibbs v. United State Army*, 116 A.3d 427, 433 (Del. Super. Ct. 2014) ("However, barring extraordinary circumstances, 'procedural requirements are not relaxed for any type of litigant . . .'") (citing *McGonigle*, 2001 WL 1079036, at *2).

[18] SAC, Exs. at 6.

to no language in the Agreement or elsewhere (such as a deed restriction) that would bind future transferees of the Property or place any obligations on Lighthouse.

Finally, the court disagrees with Lighthouse's fourth argument, that Prescott's original complaint was barred by the statute of limitations. Lighthouse argues that Prescott's time for filing a breach of contract claim began to run when this court reversed the BOA, effectively prohibiting the Property to be used for a homeless shelter. The Agreement, however, required only that Immanuel purchase "*a building in the Rehoboth/Lewes area.*"[19] The Agreement did not specifically refer to *the Property*—although that may have been the parties' intention at the time the executed the Agreement. This court finds that if there was a breach of the Agreement, it occurred on October 27, 2021, when Immanuel transferred the Property to Lighthouse and soon after dissolved; it was possible that Immanuel could have sold the Property and bought "a building" somewhere else, thereby carrying out the apparent intention of Prescott's gift.[20] Because Prescott filed her complaint on August 6, 2024, it was within the three-year statute of limitations and was therefore timely.

Because the SAC does not allege any theory of liability, the restrictions in the Agreement cannot be imputed to Lighthouse and the Property was properly

---

[19] *Id*. (emphasis added).
[20] D.I. 1, Compl.; *see id*., Exs. G, J.

transferred as anticipated by the Agreement. Prescott has therefore failed to state a claim upon which relief can be granted. For the foregoing reasons, Lighthouse's renewed motion to dismiss is **GRANTED**.

    **IT IS SO ORDERED**.

Sincerely,

*/s/ Robert H. Robinson, Jr.*
Robert H. Robinson, Jr., Judge